**Lyle Lee HUTCHINS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1084S395.**

Supreme Court of Indiana.

May 29, 1986.

Robert J. Hill, Jr., Richard A. Mann, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Lyle Lee Hutchins was convicted at the conclusion of a bench trial in the Marion Superior Court of confinement, a class B felony; attempted rape while armed, a class A felony; attempted murder, a class A felony; and violation of the Firearms Act, a class A misdemeanor. He was sentenced to ten (10) years for confinement, twenty-five (25) years each for attempted rape and attempted murder, and one (1) year for carrying a handgun without a license, all sentences to run concurrently. On direct appeal Appellant raises the sole issue whether the trial court erred in denying his request for reinstatement of his right to a jury trial. He contends that an on the record hearing should be required prior to allowing a defendant to waive his right to trial by jury and that the trial court here abused its discretion in denying his request to reinstate his right to a jury trial.

The facts show that Appellant forced the victim, his former girlfriend, at gunpoint, into her house and attempted to rape her. When the police arrived, Appellant shot the victim twice. At a pretrial conference on October 18, 1983, Appellant filed a written waiver of right to trial by jury signed by himself and his trial attorney. On April 3rd and 4th, 1984, the State filed a list of additional witnesses. Four policemen were added for the purpose of establishing the chain of custody of the handgun, and Linda Taylor was added, although she did not testify at trial. All parties admit that Appellant's counsel did interview Linda Taylor prior to trial. On April 6, 1984, the day of trial, Appellant requested a reinstatement of his right to a jury trial. The apparent reason for Appellant's request that trial by jury be reinstated was the addition of the new witnesses, particularly Linda Taylor. At no time did Appellant claim, nor does he now claim, his waiver was not made knowingly and with a full understanding of his right to a jury trial and the consequences of the waiver. The trial judge had a hearing on Appellant's motion to reinstate the jury trial. Appellant testified at that hearing that he had recently found out about the new witnesses the State intended to call. He stated to counsel that he had found out about Linda Taylor and had discussed her purported testimony with his counsel. When asked by his attorney whether he wanted this judge to try the case or wanted twelve people to try it he asked, "Could I have time to think about that?" Upon again being asked the question, Appellant said he would prefer a jury trial because twelve minds are better than one. Following Appellant's testimony, the trial court stated: "I'm going to overrule your motion, you have not indicated he did not know what a jury trial was." The trial court then offered Appellant a continuance to conduct further interviews of the witnesses, which opportunity he declined.

■ Appellant maintains his waiver of right to trial by jury is defective because there was no on-the-record hearing first. In *Earl v. State* (1983), Ind., 450 N.E.2d 49, 50, we held that even though it may be preferable for the trial court, by way of an on-the-record hearing, to advise the defendant of his right to trial by jury and the consequences of waiving that right, such is not required by either the United States or the Indiana constitutions, or by statute. In *Kimball v. State* (1985), Ind., 474 N.E.2d 982, 986, we held: "A knowing, intelligent, and voluntary waiver of a jury trial may be accomplished by a written waiver or in open court." *See also Clay v. State* (1983), Ind., 457 N.E.2d 177, 178–179; *Rodgers v. State* (1981), 275 Ind. 102, 105, 106, 415 N.E.2d 57, 59; *Kennedy v. State* (1979), 271 Ind. 382, 386–387, 393 N.E.2d 139, 142, *reh. denied* (1979), U.S., *cert. denied* (1980), 444 U.S. 1047, 100 S.Ct. 737, 62 L.Ed.2d 734, U.S., *reh. denied* (1980), 444 U.S. 1104, 100 S.Ct. 1074, 62 L.Ed.2d 791. Appellant also contends misdemeanants are afforded more protection than are felons regarding waiver of right to trial by jury under Ind.R.Cr.P. 22. We see no merit to this contention. As we set out above, a person charged with a felony has an automatic right to a jury trial unless he waives it. One charged with a misdemeanor has no right to a jury trial pursuant to Criminal Rule 22 unless he makes a written demand for it. The rule makes no mention of an on-the-record hearing. Thus, a misdemeanant can waive a jury trial by failing to request it. More protection is given to one charged with a felony in that he has an automatic right to a jury trial unless he expressly waives it.

■ Appellant alleges the trial court abused its discretion in refusing to reinstate his right to trial by jury in that the State's addition of witnesses two days prior to trial changed his strategy.

Although the right to a jury trial is of fundamental dimension, one who knowingly relinquishes that right has no constitutional right to withdraw that relinquishment or waiver. *Davidson v. State* (1968), 249 Ind. 419, 425, 233 N.E.2d 173, 176. The decision to allow withdrawal of the waiver is within the court's discretion. *Stevenson v. State* (1975), 163 Ind.App.

399, 402, 324 N.E.2d 509, 511. As we have illustrated above, the only apparent reason Appellant gave requesting reinstatement of a trial by jury was the addition of the new witnesses by the State. Appellant declined the offer of a continuance to examine these witnesses further. His primary concern was the testimony of Linda Taylor, who did not testify. The police officers gave testimony only filling in the gaps of the chain of custody of one of the exhibits. Appellant has therefore failed to establish that he was harmed or prejudiced by the ruling of the trial court on this issue. *Wagner v. State* (1985), Ind., 474 N.E.2d 476, 486. He fails to enlighten this Court in any specific sense as to how the case for the defense was changed or harmed and therefore fails to demonstrate an abuse of discretion on the part of the trial court in denying his request for a jury trial.

The trial court is affirmed.

GIVAN, C. J., and DeBRULER, SHEP-ARD and DICKSON, JJ., concur.