Charles ELDRIDGE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9302–CR–87.

Court of Appeals of Indiana, Second District.

Jan. 27, 1994.

Transfer Denied April 8, 1994.

Pequita Jay Buis, Buis Conn & Associates, Indianapolis, for appellant-defendant.

Pamela Carter, Atty. Gen., Jodi Kathryn Rowe, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

SHIELDS, Judge.

Charles Eldridge appeals his convictions of battery resulting in bodily injury,[1] a class A misdemeanor, and criminal recklessness,[2] a class A misdemeanor.

We affirm the conviction of battery; we reverse the conviction of criminal recklessness and remand for a new trial.

### ISSUES

Eldridge raises two issues for our review:

1. Was Eldridge denied his right to a jury trial?

2. Did the trial court commit reversible error in excluding evidence of the victim's prior bad acts?

### FACTS

On June 1, 1992, Charles Eldridge and his wife, Sherri Eldridge, were involved in a domestic disturbance. Some time during the disturbance, Sherri called the police. Officer Joe Gambrall of the Indianapolis Police Department arrived at the scene and witnessed Eldridge backing out of the apartment, pointing a gun at Sherri. Gambrall saw Eldridge load ammunition into the chamber of the gun; he then ordered Eldridge to drop the weapon. Eldridge was charged with criminal recklessness as a class D felony and battery as a class A misdemeanor. After a bench trial, Eldridge was convicted of battery as charged and of criminal recklessness as a class A misdemeanor.

1. *See* IC 35–42–2–1 (1988).

### DISCUSSION

#### I.

Eldridge claims his convictions must be reversed because he did not knowingly, voluntarily, and intelligently waive his right to a jury trial.

Both the United States Constitution and the Indiana Constitution guarantee a defendant the right to trial by jury. U.S. Const., amend. VI; Ind. Const., art. 1, § 13. "A person charged with a felony has an absolute right to a jury trial unless he waives it." *Hutchins v. State* (1986), Ind., 493 N.E.2d 444, 445. "There is no doubt that an accused has the right to a trial by jury in a misdemeanor case. The language of the [Indiana Constitution], 'In all criminal prosecutions,' includes prosecutions for misdemeanors." *Bolkovac v. State* (1951), 229 Ind. 294, 299, 98 N.E.2d 250, 252 (footnote omitted) (citation omitted). Denying a defendant a jury trial is fundamental error unless there is evidence of the defendant's knowing, voluntary, and intelligent waiver of the right. *See Capps v. State* (1992), Ind.App., 598 N.E.2d 574, 577, *trans. denied; Vukadinovich v. State* (1988), Ind.App., 529 N.E.2d 837, 839; *Casselman v. State* (1985), Ind. App., 472 N.E.2d 1310, 1311. Also, the waiver must be elicited from the defendant personally, either orally, in open court, or in writing. *Perkins v. State* (1989), Ind., 541 N.E.2d 927, 928; *Vukadinovich,* 529 N.E.2d at 839.

A voluntary waiver occurs if the conduct constituting the waiver is the product of a free will; a knowing waiver is the product of an informed will; an intelligent waiver is the product of a will that has the capacity to understand; and a waiver is personal if it is made by the defendant. In all cases, the fact of a voluntary, knowing, and intelligent waiver of the right to a trial by jury must be reflected in the record. *Vukadinovich,* 529 N.E.2d at 839; *Hunt v. State* (1986), Ind.App., 487 N.E.2d 1330, 1333.

2. *See* IC 35–42–2–2 (1988).

## A.

■ Exercise of the right to a jury trial in misdemeanor cases is controlled by Ind. Crim. Rule 22 which states, in relevant part:

A defendant charged with a misdemeanor may demand a trial by jury by filing a written demand therefor not later than ten (10) days before his first scheduled trial date. The failure of a defendant to demand a trial by jury as required by this rule shall constitute a waiver by him of trial by jury unless the defendant has not had at least fifteen (15) days advance notice of his scheduled trial date and of the consequences of his failure to demand a trial by jury.

Thus, by the terms of C.R. 22, a defendant charged with a misdemeanor who fails to make a timely jury request waives the right if that defendant has been advised in a timely manner of both the right to a jury trial and the consequences of failing to make a timely demand. *Liquori v. State* (1989), Ind.App., 544 N.E.2d 199, 201; *Belazi v. State* (1988), Ind.App., 525 N.E.2d 351, 352.

Here, Eldridge does not claim his failure to timely request a jury trial was not voluntary. He does, however, assert that his omission was not knowing and intelligent, and, further, that it was not personal in that an on-the-record hearing advising him of his right to trial by jury and of the consequences of failing to assert that right was not held.

The record reflects that Eldridge did not make a timely request for a jury trial. Therefore, the record is sufficient in this aspect as far as the misdemeanor charge is concerned.

Eldridge argues that the record is inadequate to establish a valid waiver because it fails to reflect that the trial court held an on-the-record hearing advising him of his right to trial by jury and of the consequences of waiving this right. Our supreme court rejected Eldridge's argument in *Hutchins v. State* (1986), Ind., 493 N.E.2d 444, with the observation that "[o]ne charged with a misdemeanor has no right to a jury trial pursuant to Criminal Rule 22 unless he makes a written demand for it. The rule makes no mention of an on-the-record hearing. Thus, a misdemeanant can waive a jury trial by fail-

ing to request it." *Id.* at 445. Although Eldridge finds some support for his argument in *Spears v. State* (1993), Ind.App., 621 N.E.2d 366, *Spears* involved waiver of the right to counsel and a defendant's request to proceed pro se. In such circumstances, this court stated that the trial court must conduct a hearing to determine a defendant's competency to represent herself. *See id.* at 368. An analogous determination is not required here and we see no reason to deviate from the supreme court's holding in *Hutchins*.

■ Thus, our inquiry is whether the record reflects that Eldridge was fully advised; it does. On the day of Eldridge's initial hearing he was advised of his right to a trial by jury and of the consequences of his failure to assert that right, as provided by C.R. 22. This advice occurred in the form of a document entitled "Initial Hearing Rights" which Eldridge executed and which specifically stated that he had the right to a trial by jury and that he would waive that right if he did not request a jury trial at least ten days prior to the date scheduled for trial. A record which contains the necessary advice in writing is sufficient to establish that the waiver is knowing. *Belazi*, 525 N.E.2d at 352. Therefore, the record reflects that Eldridge was fully advised and, therefore, that his waiver was knowing as far as the misdemeanor charge is concerned.

The record also reflects a basis for the trial court's determination that Eldridge's waiver was intelligent. At his initial hearing, Eldridge was instructed by the trial court to read a no-contact order which had been requested by the State. After giving Eldridge time to review the order, the trial court asked him if he "read and under[stood]" it. Record at 5. Eldridge responded affirmatively. Based upon this colloquy, the trial court reasonably concluded that Eldridge was capable of reading and understanding the "Initial Hearing Rights" form.

The final inquiry is whether the record reflects that Eldridge's waiver was personal. In a misdemeanor charge, waiver may occur from an act of omission, that is, from the failure timely to request a trial by jury. In that situation, the record will never reflect an

explicit personal waiver. Rather, the personal nature of the waiver is inferred from the defendant's failure to assert the right coupled with the evidentiary basis for the determination that the waiver is voluntary, knowing, and intelligent. That is the situation here; Eldridge failed to request a trial by jury in a timely manner. Also, the record supports the determination that the waiver was voluntary, knowing, and intelligent; Eldridge was fully advised of his right to a trial by jury and of the consequences of his failure to exercise that right and the record establishes his ability to read and understand the right and consequences. Therefore, the trial court properly presumed that Eldridge personally waived his right to trial by jury.[3]

█ In conclusion, a record in a misdemeanor charge is sufficient to establish a defendant's personal, voluntary, knowing, and intelligent waiver of the right to trial by jury if: 1) it does not contain a request for a trial by jury; 2) it evidences that the defendant was fully advised of the right to a trial by jury and of the consequences for failing to timely request the right; and 3) it reflects that the defendant was able to understand the advice. Here, the record reflects that the trial court properly determined that Eldridge knowingly, intelligently, voluntarily, and personally waived his right to a jury trial as it relates to the battery charge. *See Belazi*, 525 N.E.2d at 352.

### B.

█ In contrast, a person charged with a felony need not request a jury trial to preserve the right; a putative felon "has an automatic right to a jury trial unless he expressly waives it." *Hutchins*, 493 N.E.2d at 445. Therefore, the conduct constituting the waiver is that of action, not omission. However, as in a misdemeanor case, waiver of the right to a jury trial in a felony case must be voluntary, knowing, intelligent, and personal. *Wilson v. State* (1983), Ind.App., 453 N.E.2d 340, 341 (citing *Good v. State* (1977), 267 Ind. 29, 32, 366 N.E.2d 1169, 1171).

The record in this cause fails to establish the elements of an intelligent, knowing, and personal waiver of the right to a jury trial on the criminal recklessness charge. As previously stated, the right to a jury trial on a felony charge is absolute. *See Hutchins*, 493 N.E.2d at 445. Thus, absent a valid waiver, the defendant must be tried by a jury. While the right to trial by jury in a felony case may be waived in writing, *Wilson*, 453 N.E.2d at 341, the "Initial Hearing Rights" form executed by Eldridge cannot constitute a valid waiver because it misinforms Eldridge of the nature of that right as it pertains to a felony. The record is otherwise silent. Therefore, the record is silent as to Eldridge's knowing and personal waiver of his right to a trial by jury on the felony count.

█ While the State acknowledges that Eldridge was charged with a felony, it attempts to vitiate Eldridge's failure to waive his right to a jury trial on the criminal recklessness count by noting that the trial court ultimately sentenced Eldridge for criminal recklessness as a class A misdemeanor rather than as a class D felony. Implicit within this argument is the assumption that a

---

3. In *Hanna–Womack v. State* (1993), Ind.App., 623 N.E.2d 439, this court addressed the question of "whether Hanna–Womack knowingly and voluntarily waived her right to a jury trial." *Id.* at 439. This court wrote, [b]ecause the record is devoid of any written or verbal waiver of the jury trial right by Hanna–Womack, or even advice regarding waiver by her attorney, we conclude that ... she did not knowingly or voluntarily waive her right. *Id.* at 440. This language, taken literally, could be interpreted as requiring a written or oral waiver of the right to trial by jury by the defendant personally. However, any such interpretation would conflict with our supreme court's decision in *Hutchins*. Therefore, we read *Hanna–Womack* as requiring that the record reflect that a defendant charged with a misdemeanor be fully advised of the right to a trial by jury and of the effect of the failure to assert that right and that it reflect that the defendant was capable of reading a written advisement and of understanding the advisement, whether it be written or oral. Such a record is necessary to support the inference that the waiver was personal when the waiver is based upon the defendant's failure to make a timely request for a trial by jury. Thus, the decision in *Hanna–Womack* is consistent with this opinion because the record was devoid of any indication that Hanna–Womack was advised of the consequences of her failure to timely demand a jury trial.

violation of the right to a jury trial is subject to a harmless error analysis. We do not agree. Although our supreme court held in *Collins v. State* (1991), Ind., 567 N.E.2d 798, 801 that some fundamental error (error in giving an instruction to the jury which shifted the burden of proof upon an essential element of the crime) is subject to a harmless error analysis, we determine that, when the fundamental error constitutes a violation of the right to trial by jury, "the concepts 'fundamental error' and 'harmless error' are antithetical." *Vann v. State* (1980), Ind.App., 407 N.E.2d 1165, 1169 n. 2. The right to a jury trial is "of fundamental dimension," *Hutchins*, 493 N.E.2d at 445, and the denial of that right necessarily affects a defendant's substantial rights and cannot constitute harmless error.

## II.

■■■ Eldridge next argues that the trial court erred in excluding evidence of the victim's prior bad acts to support his claim of self-defense. Eldridge failed to make an offer of proof in response to the court's ruling, thus, any error in the exclusion of evidence is waived. *See Bockting v. State* (1992), Ind. App., 591 N.E.2d 576, 580, *trans. denied* (to preserve an issue for appellate review, party must make some showing of what the excluded evidence would have been); *see also* Ind.Evidence Rule 103(a)(2) (effective January 1, 1994) (error may not be predicated upon a ruling which ... excludes evidence unless a substantial right of the party is affected and the substance of the evidence excluded was made known to the court by a proper offer of proof). However, as the issue is likely to arise on retrial of the criminal recklessness charge, we review the merits of Eldridge's claim.

■■■ Our rules of evidence have long provided that proof of a person's character is inadmissible to prove that the person acted in a manner consistent with that character on the occasion in question. *See, e.g., Chapman v. State* (1984), Ind.App., 469 N.E.2d 50, 52. An exception to this rule is made when the defendant in a homicide or battery case seeks to offer character evidence to prove either that (1) the victim was the initial ag-

gressor or (2) the victim had a violent character and the defendant's knowledge of that character gave him reason to fear the victim. *Id.* Before such evidence is admissible for either of these purposes, however, there must be appreciable evidence substantiating the defendant's claim of self-defense. *See Phillips v. State* (1990), Ind., 550 N.E.2d 1290, 1297; *Halbig v. State* (1988), Ind., 525 N.E.2d 288, 292; *Teague v. State* (1978), 269 Ind. 103, 115, 379 N.E.2d 418, 424. Assuming this foundational requirement is met, the exception permits a defendant to offer reputation evidence regarding the victim's reputation for peace and quietude if the self-defense claim alleges the victim was the first aggressor. *Chapman*, 469 N.E.2d at 54 & n. 5. If the claim alternatively focuses on the reasonableness of the defendant's actions, and the defendant offers evidence of his or her prior knowledge of the victim's bad character, evidence of specific bad acts of the victim are then admissible to prove that the victim had a violent character and that the defendant had reason to fear the victim. *Phillips*, 550 N.E.2d at 1297; *Chapman*, 469 N.E.2d at 54 n. 5.

Here, Eldridge attempted to introduce evidence of specific prior acts of violence between him and his wife. Eldridge argued that the evidence would show "that Mrs. Eldridge may have been the first aggressor, by virtue of prior acts of violence between these two people." Record at 43. It therefore appears that Eldridge was attempting to prove the victim's aggressiveness by reference to prior bad acts of the victim rather than reputation evidence. Thus, the trial court properly excluded the evidence, as Eldridge could not prove that his wife was the aggressor by reference to her specific acts of violence.

Eldridge's conviction of battery resulting in bodily injury is affirmed. His conviction of criminal recklessness is reversed and cause remanded for a new trial.

FRIEDLANDER, J., concurs.

SULLIVAN, J., concurs.