Seth STEVENS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9703–CR–130.

Court of Appeals of Indiana.

Dec. 31, 1997.

William F. Thoms, Jr., Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Carol A. Nemeth, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

KIRSCH, Judge.

Following a bench trial, Seth Stevens was convicted of criminal trespass,[1] a Class A misdemeanor, and disorderly conduct,[2] a Class B misdemeanor.[3] Both convictions

---

1. *See* IC 35–43–2–2.

2. *See* IC 35–45–1–3.

3. The State also charged Stevens with contributing to the delinquency of a minor, a Class A misdemeanor, *see* IC 35–46–1–8, and with ob-

were based upon Stevens' demonstration against the sale of animal furs at a regional mall. Although Stevens informed his counsel that he wanted to exercise his right to a jury trial, the attorneys failed to file the necessary request as required by the Indiana Rules of Criminal Procedure. We consolidate the issues presented and consider: Whether trial counsel's failure to preserve Stevens' right to a jury trial denied him the effective assistance of counsel.

We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On May 19, 1996, Stevens was one of approximately forty persons who participated in a fur protest at the Lazarus Store in the Castleton Square Mall in Indianapolis. Stevens, his co-defendant, and four other protestors lay on the floor ten to fifteen feet inside the main entrance of the store, their bodies arranged in the shape of a wagon wheel and their necks bound together with bicycle chains. For approximately one hour, the group chanted anti-fur slogans, urging some 400 to 500 spectators to boycott the Lazarus store. Neither Stevens nor the other protestors had a key to the bicycle chains; therefore, the police summoned a locksmith to loosen the chains and then arrested Stevens and his co-defendant.

At an initial hearing on May 24, 1996, Stevens executed a document entitled "Initial Hearing Rights" which informed Stevens of his right to a trial by jury and advised Stevens that, if he wished to have a jury trial, he had to request one at least ten days prior to his trial date. The form warned that failure to file the request would result in waiver of the right. Although Stevens notified his attorney that he desired to exercise his right to a jury trial, counsel did not file a request in the trial court. Thereafter, counsel withdrew, and a new attorney appeared on Stevens' behalf.

On August 20, 1996, the scheduled trial date for Stevens and his co-defendant, Stevens' new attorney explained to the court before trial that Stevens had requested a jury trial. Counsel specifically indicated that she had spoken with the original attorney assigned to the case who told her that Stevens was to have a jury trial. Counsel further stated that "Mr. Stevens should have been set for a pretrial today." *Record* at 55–56.

The trial court responded that, because Stevens had not filed a timely request, he had waived his right. The court continued: "Jury trials take considerable preparation, we've got to have a Courtroom available, and you must be notified, and that's the reason for the rule. The Court certainly wouldn't deprive you of a jury trial cause it's no problem for the Court to have a jury trial when it's timely requested. Now you've waited until you got every one of the State's witnesses subpoenaed here and they knew that they were to be here for a trial and also you knew. So the question is whether you want a trial by Court this morning because I believe that's the only trial you're entitled to have."

*Record* at 57–58. Thereafter, the court provided time for Stevens to consult with his attorney.[4] In their private meeting, defense counsel informed Stevens that the jury trial issue had already been decided by the trial court and, if Stevens were to have a trial, it would be a bench trial. Stevens reiterated that he did not want a bench trial but "he was not interested in pleading guilty" and, therefore, decided to proceed. *Record* at 123–24.

During Stevens' direct examination, Stevens took the stand and gave his name but refused to testify, claiming, "I believe my right to a Jury Trial still hasn't been waived and I still would like a Jury Trial...." *Record* at 112–13. The court noted the objection for the record and, after some discussion, the

---

struction of traffic, a Class B misdemeanor. *See* IC 35–42–2–4. The trial court found Stevens not guilty on those counts.

4. The trial court asked Stevens if he had ever discussed the merits of the case with his trial counsel. Stevens replied that he had attempted

to contact counsel "time and time again throughout the weeks" but had not received a response. *Record* at 58. It appears that Stevens' first conversation with trial counsel occurred on August 20, the day of his trial.

bench trial continued. The court found Stevens guilty of criminal trespass and of disorderly conduct. At the October 11, 1996 sentencing hearing, Stevens again asserted that he was denied his constitutional right to a jury trial.

## DISCUSSION AND DECISION

Stevens contends that, due to counsel's ineffective assistance, he was denied his right to a jury trial under Article I, Section 13 of the Indiana Constitution which provides in part: "In all criminal prosecutions, the accused shall have the right to a public trial, by an impartial jury...." This provision guarantees the right to a jury trial without distinction between felonies and misdemeanors or between degrees of misdemeanors. *Gillespie v. Gilmore,* 159 Ind.App. 449, 451, 307 N.E.2d 480, 482 (1974); *see also* IC 35–37–1–2 ("The defendant and prosecuting attorney, with the assent of the court, may submit the trial to the court. All other trials must be by jury.").

Nevertheless, a defendant charged with a felony has an automatic right to a jury trial unless he affirmatively waives the right, but misdemeanor charges, governed by Indiana Criminal Rule 22, are tried to the bench unless the defendant demands a jury trial in a timely manner. *Eldridge v. State,* 627 N.E.2d 844, 847–48 (Ind.Ct.App.1994), *trans. denied.* Criminal Rule 22 reads:

"A defendant charged with a misdemeanor may demand a trial by jury by filing a written demand therefor not later than ten (10) days before his first scheduled trial date. The failure of a defendant to demand a trial by jury as required by this rule shall constitute a waiver by him of trial by jury unless the defendant has not had at least fifteen (15) days advance notice of his scheduled trial date and of the consequences of his failure to demand a trial by jury.

The trial court shall not grant a demand for a trial by jury filed after the time fixed has elapsed except upon the written agreement of the state and defendant, which agreement shall be filed with the court and made a part of the record. If such agree-

ment is filed, then the trial court may, in its discretion, grant a trial by jury."

Our court has consistently held that, under the rule, a misdemeanant waives his right to a jury trial by not making the proper request after having been duly advised of his rights and the consequences for failure to make a timely demand. *See, e.g., Greene v. State,* 670 N.E.2d 38, 39–40 (Ind.Ct.App.1996), *trans. denied; Jackson v. State,* 644 N.E.2d 595, 596–97 (Ind.Ct.App.1994); *Hadley v. State,* 636 N.E.2d 173, 175–76 (Ind.Ct.App. 1994), *trans. denied; Eldridge,* 627 N.E.2d at 847–48. In this case, however, our inquiry focuses on whether counsel's failure to file the required request when the defendant has expressed a personal desire to be tried by a jury constitutes ineffective assistance of counsel.

To prevail in an ineffective assistance of counsel claim, a defendant must show (1) counsel's performance fell below an objective standard of reasonableness under prevailing norms, and (2) counsel's substandard performance denied the defendant a fair trial. *Meredith v. State,* 679 N.E.2d 1309, 1312 (Ind.1997). There is a presumption that counsel is competent which must be rebutted with strong and convincing evidence in order to succeed on an ineffective assistance of counsel claim. *Fugate v. State,* 608 N.E.2d 1370, 1372 (Ind.1993). Isolated poor strategy, inexperience, or bad tactics do not necessarily demonstrate ineffective assistance of counsel. *Meredith,* 679 N.E.2d at 1312.

In regard to counsel's performance, we initially acknowledge that the right to a jury trial is of "fundamental dimension." *Eldridge,* 627 N.E.2d at 849 (quoting *Hutchins v. State,* 493 N.E.2d 444, 445 (Ind.1986)). Thus, an "accused must be given every reasonable opportunity to procure a fair and impartial jury." *Hicks v. State,* 199 Ind. 401, 402, 156 N.E. 548, 548 (1927). While Criminal Rule 22 alters the manner of preserving the right to a jury trial in misdemeanor cases, the rule cannot diminish Stevens' fundamental right. *See State ex rel. Rose v. Hoffman,* 227 Ind. 256, 260, 85 N.E.2d 486, 487–88 (1949) (quoting *Graves v. State,* 203 Ind. 1, 178 N.E. 233 (1931) for proposition that "any rule which assumes to take away

the right of a defendant in a criminal case to a jury trial is repugnant to the laws of the state").

Stevens expressed a conscious choice to exercise his right to a trial by jury, and he relied upon his counsel to file the necessary document to preserve that right. Before and during the bench trial and, again at sentencing, Stevens insisted that his constitutional right to trial by jury was being violated. *Cf. Lucas v. State,* 227 Ind. 486, 86 N.E.2d 682 (1949) (failure of accused, represented by competent counsel, to assert right to or insist upon jury trial could be treated as waiver of right to jury trial). It was only after Stevens was told he would either have a bench trial or no trial that he decided to proceed.

Lawyers in criminal cases are "the means through which the other rights of the person on trial are secured." *United States v. Cronic,* 466 U.S. 648, 653, 104 S.Ct. 2039, 2043, 80 L.Ed.2d 657, 664 (1984). Stevens' trial counsel stated that both attorneys knew of Stevens' desire for a jury trial. *Record* at 55. Yet neither filed the necessary request in a timely manner. The Record does not support an inference that the omission was due to trial strategy; rather it shows that the failure to file the request resulted from a combination of a change in representation, a burdensome case load, and confusion over the trial date. *Cf. Johnson v. State,* 251 Ind. 17, 24, 238 N.E.2d 651, 655 (1968) (absent evidence in record to contrary, it is presumed that trial counsel's waiver of jury trial was strategy move).

Stevens had a fundamental, legal right to have a jury determine his innocence or guilt. Further, all citizens have a "profound interest in protecting the constitutional right to a jury trial in that 'no other institution of government rivals the jury in placing power so directly in the hands of citizens.'" *Hamlin v. Sourwine,* 666 N.E.2d 404, 410 (Ind.Ct. App.1996) (quoting JEFFREY ABRAMSON, WE, THE JURY: THE JURY SYSTEM AND THE IDEAL OF DEMOCRACY 1 (1994)). Counsel was obliged to protect and preserve Stevens' constitutional right to trial by jury but failed to do so. We must conclude that, in failing to preserve this fundamental right, counsel's performance fell below the range of professionally competent representation.

However, this is not the end of our inquiry. To show ineffective assistance of counsel, Stevens must also demonstrate that counsel's substandard performance denied him a fair trial. *See Meredith,* 679 N.E.2d at 1312. Typically, this requires the defendant to show a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Pannell v. State,* 686 N.E.2d 824, 826 (Ind.1997); *Lawrence v. State,* 464 N.E.2d 1291, 1294 (Ind. 1984). However, in certain instances, prejudice from defense counsel's performance will be presumed for purposes of ineffective assistance of counsel claims. *Butler v. State,* 668 N.E.2d 266, 268 (Ind.Ct.App.1996) (prejudice presumed where defendant represented by attorney not licensed or otherwise admitted to practice in Indiana).

The right to a trial by jury is an essential element of a criminal defendant's right to due process of law. *Shady v. State,* 524 N.E.2d 44, 45 (Ind.Ct.App.1988). It is of no consequence that, in this case, the trial court may have reached a correct result. As our supreme court stated some one hundred and forty years ago:

> "[A]lthough we might be satisfied that a full and fair trial was had, and that full and ample justice had been done by the Court in reference to the merits of the case, this would not authorize us to affirm the judgment. The right of a trial by jury is guaranteed to parties by the constitution and laws of the state, and of this right they cannot be deprived in any case, upon the ground that the Court fairly tried and correctly determined it."

*Shaw v. Kent,* 11 Ind. 80, 83 (1858); *see also United States v. Nazon,* 936 F.Supp. 563, 570 (N.D.Ind.1996) (basic purpose of right to trial by jury is vesting power over life and liberty in randomly chosen citizen juries rather than in static group of judges and prosecutors who, if so inclined, can abuse their power).

Stevens was denied his constitutional right to have a jury determine his guilt or innocence, and was prejudiced thereby. *See Eldridge,* 627 N.E.2d at 849 (right to jury trial is fundamental right and denial of that right necessarily affects defendant's substantial rights). The Indiana Constitution requires that we find prejudice under Stevens' claim.

## CONCLUSION

The Record conclusively establishes that Stevens chose to be tried by a jury, that he voiced his choice to counsel, and that counsel, without justification, failed to file the necessary jury trial request in the trial court. Stevens objected to the violation of his fundamental constitutional right to a jury trial before trial, during trial when he refused to testify, and at sentencing. Under these particular circumstances, we hold that Stevens did not receive the effective assistance of counsel. Accordingly, the judgment of the trial court is reversed, and this cause is remanded to the trial court with instructions to set aside the conviction and grant a new trial.

Reversed and remanded.

SULLIVAN and NAJAM, JJ., concur.