**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 28 2013, 9:45 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CARA SCHAEFER WIENEKE**
Special Assistant to the State Public Defender
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANGEL L. DIAZ, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 52A04-1212-CR-660 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

### APPEAL FROM THE MIAMI CIRCUIT COURT
The Honorable Douglas B. Morton, Judge Pro Tempore
Cause No. 52C01-1204-FB-34

**May 28, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Angel Diaz appeals his convictions for possession of a firearm by a serious violent felon, a Class B felony; pointing a firearm, as a Class D felony; and criminal mischief, as a Class B misdemeanor, following a bench trial. Diaz presents a single issue for our review, namely, whether the trial court abused its discretion when it denied his motion to reinstate a jury trial.

We affirm.

**FACTS AND PROCEDURAL HISTORY**

In April 2012, the State charged Diaz with possession of a firearm by a serious violent felon, a Class B felony; carrying a handgun without a license, as a Class C felony; pointing a firearm, as a Class D felony; possession of marijuana, as a Class A misdemeanor; and criminal mischief, as a Class B misdemeanor. A three-day jury trial was scheduled to begin on October 22. On October 12, Diaz and his trial counsel signed a written waiver of jury trial form, the State filed its consent to the jury trial waiver, and the trial court scheduled a bench trial to begin on October 29.

On the first day of the bench trial, Diaz filed a motion to reinstate jury trial and requested a hearing "for determination of the voluntariness" of his jury trial waiver. Appellant's App. at 57. The trial court conducted a hearing on the motion, and Diaz testified that he had misunderstood the waiver form and thought that "it was gonna be less [sic] jurors to save the Court money." Transcript at 69. The trial court denied Diaz's

motion, conducted a bench trial, and found Diaz guilty of three of the original charges.[1]

This appeal ensued.

**DISCUSSION AND DECISION**

A knowing, intelligent, and voluntary waiver of a jury trial may be accomplished by a written waiver or in open court. Kimball v. State, 474 N.E.2d 982, 986 (Ind. 1985). Although the right to a jury trial is of fundamental dimension, one who knowingly relinquishes that right has no constitutional right to withdraw that relinquishment or waiver. Hutchins v. State, 493 N.E.2d 444, 445 (Ind. 1986). The decision to allow withdrawal of the waiver is within the court's discretion. Id. Therefore, on appeal, we will reverse the trial court's decision only if it is clearly against the logic and effect of the facts and circumstances before the court. See Daugherty v. State, 957 N.E.2d 676, 680 (Ind. Ct. App. 2011).

Diaz contends that his jury trial waiver was not knowing or voluntary because "when he signed the waiver, he misunderstood the consequences of that waiver." Brief of Appellant at 6. In particular, at the hearing on his motion to withdraw the waiver, Diaz testified that he thought he was merely agreeing to save the State money by having fewer jurors hear the case. He testified that after "speaking with a couple people [sic] who've been in jail, and . . . looking it up [himself, he] found out" that the waiver meant that he would be "judged by [the trial judge.]" Transcript at 69-70.

But on cross-examination, Diaz testified that he knows how to read and that he read the waiver before he signed it. The waiver stated:

---

[1] The State withdrew one of the charges, and the trial court found Diaz not guilty of the remaining charge.

3

> Defendant moves this court to enter its order removing this case from the jury docket and setting it for a bench trial to the Court. In support defendant states:
>
> 1. Defendant herein waives the right to try this matter to a jury and asks the court to set the case for a bench trial.
>
> WHEREFORE, undersigned Defendant and defense counsel respectfully request the Court remove this cause from its jury docket and set the matter for a bench trial.

Appellant's App. at 52. Diaz also admitted to having read and signed a form entitled "Rights of Defendant Felony" while in jail after his arrest, and that form advised Diaz that he had a right to a jury trial or a trial "only by the Judge sitting without a jury" if he so chose. Id. at 72-73. Diaz's contentions on appeal amount to a request that we reweigh the evidence, which we will not do. The trial court did not abuse its discretion when it denied Diaz's motion to withdraw his jury trial waiver.

Affirmed.

BAILEY, J., and BARNES, J., concur.