## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 07 2018, 10:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Stephen T. Owens
Public Defender of Indiana

Randy A. Elliott
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Rolland R. Ladyga,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

September 7, 2018

Court of Appeals Case No. 18A-PC-595

Appeal from the Grant Superior Court

The Honorable Warren Haas, Judge

Trial Court Cause No. 27D03-1608-PC-8

**Baker, Judge.**

[1] Rolland Ladyga appeals the post-conviction court's denial of his petition for post-conviction relief, arguing that his guilty plea was not knowing, voluntary, and intelligent because he had not been advised of his right to a jury trial before waiving it. Finding no error in the post-conviction court's ruling, we affirm.

## Facts

[2] On January 8, 2002, the State charged Ladyga with Class A misdemeanor operating while intoxicated and Class C infraction driving on the wrong side of the road. Later that day, the trial court advised a large group of defendants—Ladyga among them—about their constitutional right to a trial by jury, their right against self-incrimination, and their right to confront and cross-examine witnesses at trial. PCR Resp. Ex. 2 p. 2-3. The trial court also advised those charged with misdemeanors that they must demand a jury trial, in writing, no later than ten days prior to their first scheduled trial date or else they would waive that right and would only be entitled to a bench trial thereafter. *Id.*

[3] On January 23, 2002, the trial court appointed a public defender to represent Ladyga. Ladyga requested a bench trial, which was eventually set for June 3, 2002.

[4] On June 3, 2002, Ladyga agreed to plead guilty in accordance with a written plea agreement. The trial court advised Ladyga once again that he would be waiving his constitutional rights by pleading guilty but did not specifically mention the right to a trial by jury. PCR Pet. Ex. A p. 2-3. Ladyga affirmed that

he understood his rights, that he had waived them, and that he had reviewed the drafted plea agreement with his attorney and understood its contents. PCR Pet. Ex. A p. 2-3.

[5] Pursuant to the written plea agreement, the State would dismiss the driving on the wrong side of the road charge, Ladyga would pay a fine of $300 as well as attorney and court costs, Ladyga would be sentenced to one year in jail suspended to probation, and Ladyga's driving privileges would be suspended for ninety days.

[6] On August 25, 2016, Ladyga filed a pro se petition for post-conviction relief. On November 1, 2017, Ladyga filed an amended petition for post-conviction relief with the aid of counsel. The amended petition argued that Ladyga's guilty plea was not knowing, voluntary, and intelligent because he was not readvised of his constitutional right to a jury trial at the guilty plea hearing.

[7] On February 23, 2018, following a hearing, the post-conviction court denied Ladyga's petition, finding that the trial court had properly advised Ladyga of his constitutional rights and that Ladyga had waived his right to a jury trial by the time of the guilty plea by virtue of Indiana Rule of Criminal Procedure 22. Ladyga now appeals.

# Discussion and Decision

[8] Ladyga's sole argument on appeal is that he did not plead guilty knowingly, voluntarily, and intelligently because the trial court did not readvise him of his constitutional right to a trial by jury at the time he pleaded guilty.

[9] When reviewing a petitioner's claim for improper denial of post-conviction relief, we will disturb a post-conviction court's decision as being contrary to law only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion. *Dewitt v. State*, 755 N.E.2d 167, 170 (Ind. 2001). Moreover, we accept the post-conviction court's findings of fact unless clearly erroneous. *Ben-Yisrayl v. State*, 738 N.E.2d 253, 258 (Ind. 2000).

[10] Indiana Code section 35-35-1-2(a) provides as follows:

> (a) The Court shall not accept a plea of guilty or guilty but mentally ill at the time of the crime without first determining that the defendant: . . .
>
> > (2) has been informed by the defendant's plea the defendant waives the defendant's rights to:
> >
> > > (A) *a public and speedy trial by jury*;
> > >
> > > (B) confront and cross-examine the witnesses against the defendant; [and] . . .
> > >
> > > (D) require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself or herself [.]

(Emphasis added).

[11] Ladyga concedes that he was advised of all three constitutional rights at the January 8, 2002, en masse hearing. But he asserts that the trial court should have readvised him of the rights he was waiving at the guilty plea hearing.

[12] Both parties come to us with constitutional arguments, but we need not decide the case on constitutional grounds. Instead, this matter can be easily decided on procedural grounds.

[13] Indiana Rule of Criminal Procedure 22 states:

> A defendant charged with a misdemeanor may demand trial by jury by filing a written demand therefore not later than ten (10) days before his first schedule trial date. *The failure of a defendant to demand a trial by jury as required by this rule shall constitute a waiver by him of trial by jury* unless the defendant has not had at least fifteen (15) days notice of his scheduled trial date and of the consequences of his failure to demand a trial by jury.

(Emphasis added). This Court "has consistently held that, under [Rule 22], a misdemeanant waives his right to a jury trial by not making the proper request after having been duly advised of his rights and the consequences for failure to make a timely demand." *Stevens v. State*, 689 N.E.2d 487, 489 (Ind. Ct. App. 1998); *see also Fiandt v. State*, 996 N.E.2d 421, 423 (Ind. Ct. App. 2013) (emphasizing that while right to a jury trial is guaranteed by Indiana and United States Constitutions, the right "is not self-executing" in misdemeanor cases).

In this case, the highest level of offense with which Ladyga was charged was a Class A misdemeanor. As such, Rule 22 required him to make a formal demand if he desired a trial by jury, which the trial court clearly stated at Ladyga's initial hearing, PCR resp. ex. 2 p. 2-3, and which Ladyga did not do. Therefore, Ladyga had waived his right to a jury trial by operation of law before the guilty plea hearing took place. As he no longer had this right at the time he pleaded guilty, the trial court did not err by failing to readvise him of it. Therefore, the post-conviction court did not err by denying Ladyga's petition for post-conviction relief.

The judgment of the post-conviction court is affirmed.

May, J., and Robb, J., concur.