Marcus LEWIS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0909–CR–920.

Court of Appeals of Indiana.

July 8, 2010.

---

Ruth Johnson, Jonathan Armiger, Certified Legal Intern, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Ann L. Goodwin, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARTEAU, Senior Judge.

### STATEMENT OF THE CASE

Appellant Marcus Lewis appeals his conviction for domestic battery as a class A misdemeanor.[1] We reverse and remand with instructions.

### ISSUES

Lewis raises two issues, one of which we find dispositive and restate as whether Lewis received ineffective assistance of trial counsel because counsel failed to timely file a written request for a jury trial.[2]

### FACTS

The State charged Lewis with domestic battery and with battery as a class A misdemeanor.[3] On July 31, 2009, the parties appeared in court before a senior judge for a bench trial. At that time,

---

1. Ind.Code § 35–42–2–1.3.

2. Lewis also argues that there is insufficient evidence to support his conviction, but we do not address this issue due to our resolution of his claim of ineffective assistance of trial counsel.

3. Ind.Code § 35–42–2–1.

Lewis, by counsel, told the senior judge that he wanted a jury trial and had requested one at his initial hearing. Lewis' counsel informed the court that Lewis' request "wasn't communicated to anybody until this afternoon." Tr. p. 5. The senior judge reset the case for a jury trial. On August 4, 2009, Lewis, by counsel, filed a written request for a jury trial.

On August 5, 2009, the sitting trial judge reversed the senior judge's prior decision, reset the case for a bench trial, and denied Lewis' written request.

On August 28, 2009, the case was tried before a commissioner. The commissioner found Lewis guilty of domestic battery and battery but vacated the battery conviction due to double jeopardy concerns.

## DISCUSSION AND DECISION

A defendant claiming a violation of the right to effective assistance of counsel must establish the two components set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *reh'g denied. Rose v. State*, 846 N.E.2d 363, 366 (Ind.Ct.App.2006). First, the defendant must show that counsel's performance was deficient. *Rose*, 846 N.E.2d at 366. This requires a showing that counsel's representation fell below an objective standard of reasonableness and that the errors were so serious that they resulted in a denial of the right to counsel guaranteed the defendant by the Sixth Amendment. *Id.* Second, the defendant must show that the deficient performance prejudiced the defense. *Id.* To establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the re-

sult of the proceeding would have been different. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

■■■ We note that Lewis is raising a claim of ineffective assistance of counsel on direct appeal. A post-conviction hearing is normally the preferred forum to adjudicate an ineffectiveness claim. *Woods v. State*, 701 N.E.2d 1208, 1219 (Ind.1998), *reh'g denied, cert. denied*, 528 U.S. 861, 120 S.Ct. 150, 145 L.Ed.2d 128 (1999). Nevertheless, some claims of ineffective assistance of counsel can be evaluated on the trial record alone, and such claims are resolvable on direct appeal. *See id.* at 1211. In addition, some claims of ineffective assistance of trial counsel concern a decision by trial counsel "that is perhaps within the range of acceptable tactical choices counsel might have made, but in the particular instance is claimed to be made due to unacceptable ignorance of the law or some other egregious failure rising to the level of deficient attorney performance." *Id.* at 1212. In those cases, the reasoning of trial counsel is sometimes apparent from the trial record. *Id.* at 1212–1213. When the reasoning of trial counsel is apparent from the record, the claim of ineffective assistance of trial counsel can be appropriately addressed on direct appeal.[4] *See id.*

■■■ Here, Lewis contends that he received ineffective assistance of trial counsel because counsel failed to timely file a written demand for a jury trial, thereby depriving him of his right to a jury trial under Article I, Section 13 of the Indiana

---

4. On a related note, the State contends that Lewis has waived his claim of ineffective assistance of trial counsel because he has presented no evidence to support it. Specifically, he notes that neither Lewis nor his attorneys testified under oath at any of the hearings in this matter. We conclude that there is sufficient evidence in the record to address Lewis' claim.

Constitution.[5] The right to a trial by jury is a fundamental linchpin of our system of criminal justice. *See Kellems v. State,* 849 N.E.2d 1110, 1112 (Ind.2006). Article I, Section 13 guarantees the right to a jury trial without distinction between felonies and misdemeanors. *Stevens v. State,* 689 N.E.2d 487, 489 (Ind.Ct.App.1997). Nevertheless, Indiana Criminal Rule 22 specifies the method by which a defendant preserves his or her right to a jury trial in a misdemeanor case. That rule provides:

> A defendant charged with a misdemeanor may demand trial by jury by filing a written demand therefor not later than ten (10) days before his first scheduled trial date. The failure of a defendant to demand a trial by jury as required by this rule shall constitute a waiver by him of trial by jury unless the defendant has not had at least fifteen (15) days advance notice of his scheduled trial date and of the consequences of his failure to demand a trial by jury.
>
> The trial court shall not grant a demand for a trial by jury filed after the time fixed has elapsed except upon the written agreement of the state and defendant, which agreement shall be filed with the court and made a part of the record. If such agreement is filed, then the trial court may, in its discretion, grant a trial by jury.

Indiana Criminal Rule 22.

In *Stevens,* the appellant was charged with two misdemeanors. 689 N.E.2d at 488. At his initial hearing, the appellant, Stevens, was informed of his right to a jury trial and the requirement to request a jury trial in writing at least ten (10) days prior to his trial date. *Id.* Stevens told his first attorney that he wanted a trial, but the attorney failed to file a request. *Id.* At the beginning of the scheduled bench trial, Stevens' second attorney informed the court that Stevens had told her that he wanted a jury trial. *Id.* Stevens' second attorney further explained that she had contacted Stevens' first attorney, who told her that Stevens had expressed an intention to have a jury trial. *Id.* The trial court denied Stevens' request for a jury trial and the case was tried to the bench. *Id.*

On appeal, Stevens argued that he had received ineffective assistance of trial counsel because counsel failed to preserve his right to a jury trial. *Id.* at 490. This Court determined that the failure of Stevens' attorneys to act upon his clearly expressed desire for a trial by jury fell below the range of professionally competent representation. *Id.* Counsel's failure to act was not a strategic decision but was caused by "a combination of a change in representation, a burdensome case load, and confusion over the trial date." *Id.* Furthermore, failure to preserve Stevens' right to a jury trial deprived him of a fundamental right, and this Court concluded that in such a circumstance, "[t]he Indiana Constitution requires that we find prejudice under Stevens' claim." *Id.*

▮ In this case, Lewis did not have counsel at his June 2, 2009 initial hearing. The trial court appointed counsel to represent him. During the initial hearing, the trial court advised Lewis "of Jury Trial rights and time limitations pursuant to C.R. 22." Appellant's App. p. 4. The trial court's Chronological Case Summary ("CCS") demonstrates that Lewis expressed a preference for a jury trial, as follows: "DEFT WANTS JURY TRIAL." *Id.* (emphasis in original).

---

5. Article I, Section 13 provides, in relevant part, "[i]n all criminal prosecutions, the accused shall have the right to a public trial, by an impartial jury,...."

At his June 5, 2009 bond hearing, Lewis was represented by Attorney Hancock. On July 31, 2009, at the scheduled bench trial, Lewis was represented by Attorney Nnaemeka. Attorney Nnaemeka represented to the senior judge at the July 31, 2009 hearing that he had not been made aware of Lewis' request until that afternoon.

The State contends that Lewis' claim must fail because, unlike in *Stevens,* there is no evidence that Lewis personally asked any of his attorneys for a jury trial until the July 31, 2009 hearing. We conclude that this distinction is not significant because the CCS in this case emphatically indicated Lewis' wish to be tried by a jury. Thus, Lewis' attorneys should have known of Lewis' preference for a jury trial from reviewing the CCS and pursued the matter further before the scheduled bench trial.

Furthermore, as was the case in *Stevens,* the failure of Lewis' attorneys to file a written jury trial request cannot be considered a strategic choice. During the July 31, 2009 and August 5, 2009 hearings, counsel argued at length that Lewis should be given a jury trial. Furthermore, on August 4, 2009, Lewis, by counsel, filed a belated Motion for Jury Trial. This course of conduct is inconsistent with a strategic determination to seek a bench trial. As was the case in *Stevens,* the change in Lewis' representation between hearings also doubtlessly contributed to counsel's error. For these reasons, we conclude that the attorneys' failure to timely file a written request for a jury trial fell below the range of professionally competent representation.

Turning to the question of prejudice, the attorneys' error deprived Lewis of a trial by jury, in violation of his right under the Indiana Constitution. The right to a jury trial is an essential element of a defendant's right to due process. *Mar-*
*cum v. State,* 509 N.E.2d 895, 896 (Ind.Ct. App.1987). When counsel's performance falls below the range of professionally competent representation and deprives a defendant of a fundamental right such as the right to a trial by jury, prejudice is presumed. *See Stevens,* 689 N.E.2d at 490. Thus, Lewis was prejudiced by his attorneys' error, and he did not receive effective assistance of trial counsel with respect to his request for a jury trial.

### CONCLUSION

For the reasons stated above, we reverse the judgment of the trial court and remand with instructions to vacate Lewis' conviction and hold a new trial.

Reversed and remanded.

DARDEN, J., and MAY, J., concur.