# FOR PUBLICATION



**FILED**
Aug 29 2012, 9:36 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**SUZY ST. JOHN**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WILLIS PRYOR, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1202-CR-101 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Linda E. Brown, Judge
The Honorable Charles A. Wiles, Senior Judge
Cause No. 49F10-1107-CM-51138

**August 29, 2012**

**OPINION - FOR PUBLICATION**

**BROWN, Judge**

Willis Pryor appeals his conviction for resisting law enforcement as a class A misdemeanor[1] and argues that he received ineffective assistance of trial counsel. Pryor raises one issue, which we revise and restate as whether trial counsel's failure to preserve Pryor's right to a jury trial denied him the effective assistance of counsel. We reverse and remand.

The relevant facts follow. On July 19, 2011, the State charged Pryor with resisting law enforcement as a class A misdemeanor. On August 8, 2011, the court scheduled a hearing for November 1, 2011. On November 1, 2011, the court held a pre-trial hearing.[2] An "Off the Record Request for New Court Date" form signed by the deputy prosecuting attorney, Pryor, and defense counsel on November 1, 2011, included the date of "1-23-12" next to the pre-printed words "Bench Trial on" and the time of "1:00 pm" was circled. Appellant's Appendix at 24.

On January 17, 2012, Pryor, by counsel Daniel Cicchini, filed a request for a jury trial. On January 23, 2012, prior to the scheduled bench trial the court heard arguments and testimony from Pryor on Pryor's request for a jury trial. Pryor's counsel initially stated that he believed that the jury request had been timely filed due to the weekend and holiday. The court noted: "Well Judge Brown[3] looked at this just now, you know, as I

---

[1] Ind. Code § 35-44-3-3 (Supp. 2011) (subsequently repealed and re-codified by Pub. L. No. 126-2012, §§ 53-54 (eff. Jul. 1, 2012)).

[2] The record does not contain a transcript of this hearing. The chronological case summary ("CCS") indicates that Pryor was represented by attorney Mark Nicholson at the hearing. The CCS also indicates that Pryor had been represented by other counsel at pre-trial conferences held on July 20, 2011 and August 8, 2011.

[3] Senior Judge Charles Wiles presided over the January 23, 2012 proceedings in Marion Superior Court, Criminal Division, Room 10. According to the CCS, Judge Linda Brown had presided over the

walked in she was looking at it and denied the motion. She must have calculated the dates."[4] Transcript at 5-6. Pryor's counsel then argued that, if the court was "not persuaded that the motion was timely, unfortunately [] Pryor has received ineffective assistance of counsel by the Public Defender's Agency," that "[t]here's no strategic reason for filing a Jury Demand tardy," and that "[i]t is reversible error on appeal if the defendant is wrongfully denied a jury trial," citing <u>Stevens v. State</u>, 689 N.E.2d 487 (Ind. Ct. App. 1997), and <u>Lewis v. State</u>, 929 N.E.2d 261 (Ind. Ct. App. 2010). <u>Id.</u> at 6. Pryor testified, in response to questions from defense counsel, that he was represented by public defenders. When asked "[w]hen you spoke with members of, attorneys with the Public Defender's Agency, did you inform them that you wanted a jury trial," Pryor testified "Yes, the last time I was here before." <u>Id.</u> at 9. Pryor's counsel then argued that Pryor notified his attorneys that he wanted a jury trial, that the court has determined that the motion for a jury trial was filed untimely, that there is no strategic reason to file a late motion, and if Pryor is forced to proceed with a bench trial he would be deprived of his fundamental right to a jury trial through no fault of his own. The court denied Pryor's

---

November 1, 2011 pre-trial conference.

[4] Ind. Rule of Crim. Procedure 22 provides:

A defendant charged with a misdemeanor may demand trial by jury by filing a written demand therefor not later than ten (10) days before his first scheduled trial date. The failure of a defendant to demand a trial by jury as required by this rule shall constitute a waiver by him of trial by jury unless the defendant has not had at least fifteen (15) days advance notice of his scheduled trial date and of the consequences of his failure to demand a trial by jury.

The trial court shall not grant a demand for a trial by jury filed after the time fixed has elapsed except upon the written agreement of the state and defendant, which agreement shall be filed with the court and made a part of the record. If such agreement is filed, then the trial court may, in its discretion, grant a trial by jury.

3

request and stated "well given all those circumstances and everything, I'm going to well, reaffirm if you will, Judge Brown's denial of the request for trial by jury and I don't see ineffective assistance of counsel being a remedy to get around a rule for, that's been in place ever since I can remember," that "[i]t's very well defined, and if there was a slip up on somebody's behalf, I guess it would just say so be it," and "[s]o we're going to go ahead with trial today then." Id. at 11.

The court then proceeded to hold a bench trial, at which the State presented the testimony of Indianapolis Police Department Officer Todd Scroggins that on July 19, 2011, he had stopped Pryor for committing a traffic violation while riding his bicycle, that when an officer attempted to handcuff him, Pryor attempted to break the officer's grip, and officers placed Pryor on the ground and handcuffed him. The court stated that "I am not into the bike lane violation, but I think the evidence here supports the finding of guilty on the Resisting charge" and acknowledged that Pryor "has some infirmities and things and we appreciate that."[5] Id. at 55. The court found Pryor guilty as charged, sentenced him to 365 days with 359 days suspended, and ordered Pryor to be placed on probation for 180 days and to complete thirty hours of community service work.

The issue is whether trial counsel's failure to preserve Pryor's right to a jury trial denied him the effective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that his counsel's performance was deficient and that the petitioner was prejudiced by the deficient performance. Ben-

---

[5] Pryor testified that he had "plastic screws in [his] neck" and ankle, that he had "been diffused," that the "whole left side of [his] body" was impaired, and that he was "about twenty five (25) to about thirty five (35) percent disabled." Transcript at 38. Pryor also testified that he had been riding his bike on a sidewalk.

4

Yisrayl v. State, 729 N.E.2d 102, 106 (Ind. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), reh'g denied), reh'g denied, cert. denied, 534 U.S. 830, 122 S. Ct. 73 (2001).  A counsel's performance is deficient if it falls below an objective standard of reasonableness based on prevailing professional norms.  French v. State, 778 N.E.2d 816, 824 (Ind. 2002).  To meet the appropriate test for prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Id.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  Perez v. State, 748 N.E.2d 853, 854 (Ind. 2001).  Failure to satisfy either prong will cause the claim to fail.  French, 778 N.E.2d at 824.  Most ineffective assistance of counsel claims can be resolved by a prejudice inquiry alone.  Id.

When considering a claim of ineffective assistance of counsel, a "strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  Morgan v. State, 755 N.E.2d 1070, 1072 (Ind. 2001).  "[C]ounsel's performance is presumed effective, and a defendant must offer strong and convincing evidence to overcome this presumption."  Williams v. State, 771 N.E.2d 70, 73 (Ind. 2002).  Evidence of isolated poor strategy, inexperience, or bad tactics will not support a claim of ineffective assistance of counsel.  Clark v. State, 668 N.E.2d 1206, 1211 (Ind. 1996), reh'g denied, cert. denied, 520 U.S. 1171, 117 S. Ct. 1438 (1997).  "Reasonable strategy is not subject to judicial second guesses."  Burr v. State, 492 N.E.2d 306, 309 (Ind. 1986).

We observe that Pryor is raising a claim of ineffective assistance of counsel on direct appeal. In Lewis, we noted that a post-conviction hearing is normally the preferred forum to adjudicate an ineffectiveness claim. 929 N.E.2d at 263 (citing Woods v. State, 701 N.E.2d 1208, 1219 (Ind. 1998), reh'g denied, cert. denied, 528 U.S. 861, 120 S. Ct. 150 (1999)). We also noted that, "[n]evertheless, some claims of ineffective assistance of counsel can be evaluated on the trial record alone, and such claims are resolvable on direct appeal. Id. "Some claims of ineffective assistance of trial counsel concern a decision by trial counsel that is perhaps within the range of acceptable tactical choices counsel might have made, but in the particular instance is claimed to be made due to unacceptable ignorance of the law or some other egregious failure rising to the level of deficient attorney performance." Id. (citation and internal quotation marks omitted). "In those cases, the reasoning of trial counsel is sometimes apparent from the trial record." Id. "When the reasoning of trial counsel is apparent from the record, the claim of ineffective assistance of trial counsel can be appropriately addressed on direct appeal." Id. Here, Pryor's counsel presented arguments before the court and elicited sworn testimony from Pryor regarding his claim. There is sufficient evidence in the record to address Pryor's claim. See id. at 263 n.4 (acknowledging that neither Lewis nor his attorneys testified under oath at the hearings in the matter but nevertheless concluding that there was sufficient evidence in the record to address Lewis's claim).

Pryor argues that he received ineffective assistance of counsel when his attorney failed to file a timely demand for a jury trial because he inadvertently miscalculated the deadline date. Pryor argues that "[t]he record is unclear as to when trial Attorney

6

Cicchini learned of Pryor's desire to be tried by jury" but that "it must have been sometime on or before January 17, 2011." Appellant's Brief at 7. Pryor points to this court's opinions in Stevens and Lewis and asserts that the failure to file a timely demand was a mistake and not a choice or strategy and that he was prejudiced by his trial counsel's deficient performance.

The State argues that, while Pryor claimed he had made a request for a jury trial the last time he was in court, the CCS shows that the last time Pryor was in court he signed a document requesting a bench trial, that "[t]he request for a bench trial on the same date that [Pryor] claims he requested a jury trial signed by both [Pryor] and the person who he purports to have informed of his request contradicts his later claim that he made such a request," and that "[t]his Court should reject [Pryor's] testimony and find that the record indicates that he made no such request and affirm the trial court's denial of his request." Appellee's Brief at 5. The State further argues that this court's "rule in Stevens and Lewis acts in contradiction to the Davis/Hatton procedure" and that this court should reconsider Stevens and Lewis and "hold that the procedure outlined in Davis and Hatton is sufficient to the resolution of claims like these."[6] Id. at 8.

In his reply brief, Pryor argues that this court "decided Stevens fifteen years ago and its reasoning has never been questioned or viewed unfavorably by another Court

---

[6] The Davis/Hatton procedure involves a termination or suspension of a direct appeal already initiated, upon appellate counsel's motion for remand or stay, to allow a post-conviction relief petition to be pursued in the trial court. Taylor v. State, 929 N.E.2d 912, 917 n.1 (Ind. Ct. App. 2010) (citing State v. Lopez, 676 N.E.2d 1063, 1069 (Ind. Ct. App. 1997) (citing Hatton v. State, 626 N.E.2d 442 (Ind. 1993); Davis v. State, 267 Ind. 152, 368 N.E.2d 1149 (1977)), trans. denied), trans. denied; Ind. Appellate Rule 37(A) ("At any time after the Court on Appeal obtains jurisdiction, any party may file a motion requesting that the appeal be dismissed without prejudice or temporarily stayed and the case remanded to the trial court . . . for further proceedings. The motion must be verified and demonstrate that remand will promote judicial economy or is otherwise necessary for the administration of justice.")).

since then" and in fact it was relied upon heavily in <u>Lewis</u>. Appellant's Reply Brief at 2. Pryor argues that the right to a jury trial is an essential element of his right to due process, that "[t]he wrong in this case is Pryor was deprived of a fundamental right due to his attorney's miscalculation of a deadline," and that "[a]s a result, the best and only way to fix it is to allow him fully and fairly exercise his right to be tried by jury." <u>Id.</u>

The right to a trial by jury is a fundamental linchpin of our system of criminal justice. <u>Lewis</u>, 929 N.E.2d at 264 (citing <u>Kellems v. State</u>, 849 N.E.2d 1110, 1112 (Ind. 2006)). Article 1, Section 13 guarantees the right to a jury trial without distinction between felonies and misdemeanors. <u>Id.</u>

In <u>Stevens v. State</u>, the defendant was convicted following a bench trial of criminal trespass and disorderly conduct, each as misdemeanors, based upon his demonstration against the sale of animal furs at the Lazarus Store in the Castleton Square Mall in Indianapolis. 689 N.E.2d at 487-488. Following his arrest, the defendant was advised that if he wished to have a jury trial he had to submit a timely request. <u>Id.</u> at 488. Although the defendant notified his attorney that he desired to exercise his right to a jury trial, counsel did not file a request in the trial court. <u>Id.</u> Thereafter, counsel withdrew, and a new attorney appeared on the defendant's behalf. <u>Id.</u> On the scheduled trial date, the defendant's new attorney explained to the court that the defendant had requested a jury trial and indicated that she had spoken with the original attorney assigned to the case who told her that the defendant was to have a jury trial. <u>Id.</u> The trial court noted that the defendant had not filed a timely jury trial request and had waived his right. <u>Id.</u>

8

On appeal, the defendant argued that he was denied his right to a jury trial due to counsel's ineffective assistance. Id. at 489. This court initially noted that "the right to a jury trial is of fundamental dimension," that an "accused must be given every reasonable opportunity to procure a fair and impartial jury," and that "[w]hile Criminal Rule 22 alters the manner of preserving the right to a jury trial in misdemeanor cases, the rule cannot diminish [the defendant's] fundamental right." Id. (citations and internal quotation marks omitted). The court then noted that the defendant's trial counsel stated that both attorneys knew of the defendant's desire for a jury trial, that neither filed the necessary request in a timely manner, and that the record did not support an inference that the omission was due to trial strategy but rather showed that the failure to file the request resulted from a combination of a change in representation, a burdensome case load, and confusion over the trial date. Id. at 490. The court concluded that, in failing to preserve the defendant's fundamental right, the performance of defendant's trial counsel fell below the range of professionally competent representation. Id. at 490. The court further noted that in certain instances prejudice from defense counsel's performance will be presumed for purposes of ineffective assistance of counsel claims and that the right to a trial by jury is an essential element of a criminal defendant's right to due process of law. Id. The court held that the defendant did not receive the effective assistance of counsel and, accordingly, the cause was remanded to the trial court with instructions to set aside the conviction and grant a new trial. Id. at 491.

In Lewis v. State, the defendant was convicted of domestic battery as a class A misdemeanor. 929 N.E.2d at 262. On the day of the defendant's bench trial, the parties

9

appeared in court, and the defendant, by counsel, told the court that he wanted a jury trial and had requested one at his initial hearing. Id. at 262-263. The defendant's counsel informed the court that the request had not been communicated to anybody until that day. Id. at 263. After initially resetting the case for a jury trial, the trial court ultimately reset the case for a bench trial and denied the defendant's written request for a jury trial. Id.

On appeal, the defendant argued that he received ineffective assistance of trial counsel because counsel failed to timely file a written demand for a jury trial. Id. at 263-264. The court noted that the trial court's chronological case summary demonstrated that the defendant had expressed a preference for a jury trial during an initial hearing. Id. at 264. The court further noted that, like in Stevens, the failure of the defendant's attorneys to file a written jury trial request could not be considered a strategic choice and that the change in the defendant's representation between hearings also doubtlessly contributed to counsel's error. Id. at 265. The court concluded that the attorneys' failure to timely file a written request for a jury trial fell below the range of professionally competent representation and that prejudice was presumed because the defendant was deprived of a fundamental right. Id. The court reversed the judgment of the trial court and remanded with instructions to vacate the defendant's conviction and hold a new trial. Id.

In this case, Pryor was represented by attorney Shannon Garvey at the July 20, 2011 pre-trial conference, by attorney Fallon Coleman at the August 8, 2011 pre-trial conference, by attorney Mark Nicholson at the November 1, 2011 hearing, and by attorney Daniel Cicchini at the time he filed his request for a jury trial on January 17, 2012, and at the January 23, 2012 proceedings and bench trial. Prior to the trial on

10

January 23, 2012, Pryor's counsel Cicchini stated that he believed that the jury trial request had been timely filed due to the weekend and holiday.[7] Pryor testified, in response to questions from defense counsel, that he was represented by public defenders, and when asked "[w]hen you spoke with members of, attorneys with the Public Defender's Agency, did you inform them that you wanted a jury trial," Pryor testified "Yes, the last time I was here before," see Transcript at 9, which according to the CCS was the November 1, 2011 hearing. Pryor's counsel then argued that Pryor notified his attorneys that he wanted a jury trial, that there was no strategic reason to file a late motion, and that if Pryor was forced to proceed with a bench trial he would be deprived of his fundamental right to a jury trial through no fault of his own.

Further, like in Stevens and Lewis, the failure of Pryor's attorneys to file a written jury trial request in a timely manner cannot be considered a strategic choice. Pryor's defense counsel argued at length prior to the start of the bench trial on January 23, 2012, that Pryor should be given a jury trial, and this course of conduct is inconsistent with a strategic determination to seek a bench trial. See Lewis, 929 N.E.2d at 265. Also, as was the case in Stevens and Lewis, the change in Pryor's representation between hearings contributed in part to defense counsel's error. See id. (providing that "the change in Lewis' representation between hearings also doubtlessly contributed to counsel's error"); Stevens, 689 N.E.2d at 490 (noting that the record showed that "the failure to file the

---

[7] Specifically, Pryor's counsel stated that "[i]f today is included in the ten (10) day period, if we count inclusively from the 23rd backwards, including the 23rd, it would mean that the jury expiration date was January 14th which was a Saturday," that "[c]ourt didn't re-open until Tuesday because of Martin Luther King, Jr. Holiday, and that was the date upon which I filed the Motion for the Jury Demand." Transcript at 4.

request resulted from a combination of a change in representation, a burdensome case load, and confusion over the trial date"). Based upon the record, we find that the failure of Pryor's counsel to timely file a written request for a jury trial fell below the range of professionally competent representation.[8] See Lewis, 929 N.E.2d at 265.

In addition, when counsel's performance falls below the range of professionally competent representation and deprives a defendant of a fundamental right such as the right to a trial by jury, prejudice is presumed. See id. (citing Stevens, 689 N.E.2d at 490). Therefore, Pryor was prejudiced by his counsel's error and did not receive effective assistance of trial counsel with respect to his request for a jury trial.[9] See id.

Accordingly, for the foregoing reasons, we reverse the judgment of the trial court and remand with instructions to vacate Pryor's conviction for resisting law enforcement as a class A misdemeanor and to hold a new trial by jury.

Reversed and remanded.

FRIEDLANDER, J., and DARDEN, Sr. J., concur.

---

[8] We cannot say that the "Off the Record Request for New Court Date" form signed on November 1, 2011, standing alone was tantamount to an agreement by Pryor to proceed to a bench trial rather than a jury trial. The form, which by its caption and format appears to have been primarily used to schedule court dates, contained pre-printed lines for "Review of Counsel," "Request Public Defender," "Pre-trial Conference," "Guilty Plea Hrg," and "Bench Trial," there was no pre-printed option for a jury trial, and the only written portion of the form included the date of "1-23-12" next to the words "Bench Trial" and the circle around the time of "1:00 pm" on the form. Appellant's Appendix at 24.

[9] We decline to reconsider this court's previous decisions in Stevens and Lewis or to require Pryor to suspend this direct appeal under the Davis/Hatton procedure in order to develop a record below under the circumstances and where Pryor's counsel presented arguments before the trial court and elicited testimony from Pryor which is included in the record.

12