**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

APPELLANT PRO SE:

**REX L. KAST**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

FILED
Mar 22 2013, 9:30 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| REX L. KAST, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1205-CR-211 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
Cause No. 02D05-1105-FB-114

**March 22, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

When police received a tip that Rex L. Kast had been selling prescription drugs at a local establishment, they followed him, performed a traffic stop, obtained his permission to search his van, and found hundreds of pills containing various controlled substances. The State charged Kast with two class B felony counts and one class C felony count of possession with intent to distribute controlled substances and three counts of class D felony possession of controlled substances. Kast entered into a plea agreement in which he agreed to plead guilty to the three class D felonies in exchange for the State dismissing the more serious charges. The plea agreement set his sentence at three consecutive one-and-a-half-year terms. At sentencing, defense counsel made a verbal request to withdraw Kast's guilty plea. The trial court denied the motion and sentenced Kast accordingly.

Kast now appeals, claiming that his trial counsel provided ineffective assistance by failing to follow the proper procedures for filing the motion to withdraw his guilty plea and by failing to object to his sentence and failing to advise him that his sentence exceeded the statutory limit. Finding that he was not prejudiced by counsel's errors, we affirm.

**Facts and Procedural History**

In May 2011, the Allen County police acted on a tip that Kast was selling Vicodin at a Fort Wayne gentlemen's club. The source also identified Kast's vehicle as a white van and gave police the license plate number. Shortly thereafter, police waited nearby for Kast to exit the club. When Kast drove away in the van, police followed him to a truck stop and waited

while he went inside. When Kast drove away from the truck stop and failed to properly use his turn signal, police stopped him.

During the stop, Kast consented to the officer's request to search his van. The search produced 649 pills in several brown pill bottles. The various pills were later determined to be methadone hydrochloride, acetaminophen and hydrochloride bitrate, acetaminophen and oxycodone, morphine sulfate, and alprazolam.

The State charged Kast with two counts of class B felony possession with intent to distribute a schedule I, II, or III controlled substance, one count of class C felony possession with intent to deliver a schedule IV controlled substance, and three counts of class D felony possession of a schedule I, II, III, or IV controlled substance. Kast entered into a plea agreement wherein he would plead guilty to the three class D felony counts in exchange for the State's dismissal of the class B and C felony counts. The plea agreement set Kast's sentence at three consecutive terms of one year and 183 days, with one year of each term suspended to probation. At the guilty plea hearing, the trial court advised Kast of his right to a trial and informed him that by pleading guilty, he was waiving his right to trial as well as his right to challenge his conviction and sentence. Kast affirmed that he had read and understood the terms of the plea agreement, that he had discussed its terms with counsel, and that his guilty plea was voluntarily made.

At the April 9, 2012 sentencing hearing, defense counsel inquired as to whether the trial court had received a fax containing a written motion to withdraw Kast's guilty plea. When the trial court responded that it had not, defense counsel made an oral motion to

3

withdraw Kast's guilty plea on the ground that the defense had discovered the whereabouts of a witness who allegedly had a personal relationship with the State's source. The State objected, arguing that the existence of this witness was known at the time Kast pled guilty and that Kast had entered his plea intelligently, knowingly, and with full understanding of the consequences. The trial court denied the motion and sentenced Kast pursuant to the terms of the plea agreement. Kast now appeals pro se. Additional facts will be provided as necessary.

**Discussion and Decision**

Kast contends that his trial counsel provided ineffective assistance. At the outset, we note that pro se appellants are held to the same rules and standards as licensed attorneys. *Schumm v. State*, 866 N.E.2d 781, 797 (Ind. Ct. App. 2007), *corrected and clarified on reh'g* 868 N.E.2d 1202. We also note that while he raises his ineffective assistance of counsel claim via direct appeal, the preferred forum in which to adjudicate an ineffective assistance claim is a post-conviction proceeding. *Lewis v. State*, 929 N.E.2d 261, 263 (Ind. Ct. App. 2010). Nevertheless, where ineffective assistance claims can be evaluated on the trial record alone, they are resolvable on direct appeal. *Id.* To prevail on his ineffective assistance claim, Kast must satisfy two components. *Id.* He must demonstrate both deficient performance and prejudice resulting from it. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance is "representation that fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have the 'counsel' guaranteed by the Sixth Amendment." *Brown v. State*, 880 N.E.2d 1226, 1230 (Ind. Ct. App. 2008), *trans. denied*. We assess counsel's performance based on facts that are known at the time and not

4

through hindsight. *Shanabarger v. State*, 846 N.E.2d 702, 709 (Ind. Ct. App. 2006), *trans. denied*. "[C]ounsel's performance is presumed effective, and a defendant must offer strong and convincing evidence to overcome this presumption." *Ritchie v. State*, 875 N.E.2d 706, 714 (Ind. 2007). Prejudice occurs when a reasonable probability exists that, "but for counsel's errors the result of the proceeding would have been different." *Brown*, 880 N.E.2d at 1230. We can dispose of claims upon failure of either component. *Id*.

### I. Motion to Withdraw Guilty Plea

Kast first asserts that his trial counsel provided ineffective assistance by failing to properly file a written motion to withdraw his guilty plea prior to sentencing. At sentencing, counsel made a verbal request to withdraw the guilty plea and indicated that he had submitted a written, verified motion via fax. Indiana Code Section 35-35-1-4 addresses the withdrawal of a guilty plea and provides in pertinent part,

> (b) After entry of a plea of guilty, or guilty but mentally ill at the time of the crime, but before imposition of sentence, the court may allow the defendant by motion to withdraw his plea of guilty … for any fair and just reason unless the state has been substantially prejudiced by reliance upon the defendant's plea. The motion to withdraw the plea of guilty … made under this subsection shall be in writing and verified. The motion shall state facts in support of the relief demanded, and the state may file counter-affidavits in opposition to the motion. The ruling of the court on the motion shall be reviewable on appeal only for an abuse of discretion. However, the court shall allow the defendant to withdraw his plea of guilty … whenever the defendant proves that withdrawal of the plea is necessary to correct a manifest injustice.

With respect to the form of defense counsel's motion to withdraw Kast's guilty plea, we note that counsel claims to have sent a written motion to the trial court via fax. The trial court did not receive it, and at sentencing, the prosecutor indicated that he did not have a

5

copy of the motion in his files but that defense counsel had notified him by email concerning

the motion. Sent. Tr. at 5. Notwithstanding, defense counsel failed to comply with Allen

County Local Rules LR02-TR7-9 and -10, which prohibit the filing of motions by fax. Thus,

the trial court was left with an oral motion to withdraw guilty plea raised during sentencing.

In *Graham v. State*, 941 N.E.2d 1091 (Ind. Ct. App. 2011), another panel of this Court

was faced with an ineffective assistance of appellate counsel claim, where counsel did not

challenge the trial court's denial of Graham's oral motion to withdraw his guilty plea.

Although procedurally distinct from the present case in that it was a post-conviction

proceeding involving ineffective assistance of appellate rather than trial counsel, the facts are

sufficiently similar to bear some discussion. In *Graham*, the motion to withdraw guilty plea

was oral rather than in writing. The *Graham* court noted that the fact the motion was not in

writing may have been sufficient alone for the issue to be rejected on direct appeal. *Id*. at

1099. However, the court went on to say that

> even if a written motion had been filed, an appellate claim regarding that
> motion is unlikely to have been successful. Graham contends that he protested
> his innocence at his sentencing hearing. It is true that a judge may not accept a
> plea of guilty when the defendant both pleads guilty and maintains his
> innocence at the same time. This rule applies, however, only to defendants
> who actually plead guilty and maintain their innocence simultaneously. It does
> not apply to defendants who plead guilty, and then later, during a presentence
> interview and/or at sentencing, protest their innocence.

*Id*. (citations and internal quotation marks omitted).

At his guilty plea hearing, Kast did not simultaneously plead guilty and maintain his

innocence.[1]  Instead, he unequivocally admitted that he possessed each specified drug without a valid prescription.  He authenticated his signature on the plea agreement and stated that he had read the agreement and discussed it with counsel before signing it.  He answered in the affirmative when asked if his plea of guilty was made voluntarily and of his own free will.  When the trial court asked defense counsel if he was aware of any benefit if the case were to proceed to trial, counsel responded, "No advantage, Judge."  Appellant's App. at 29.[2]  Later, at sentencing, when defense counsel presented as the basis for Kast's oral motion to withdraw the guilty plea "newly discovered evidence" concerning whereabouts of a witness who would allegedly testify that he had been set up, he nonetheless conceded that the witness's existence was known to the defense at the time of the guilty plea hearing.  Sent. Tr. at 6.[3]  Simply put, the guilty plea hearing transcript is replete with Kast's admissions of guilt and is devoid of any reference to a missing witness by either Kast or defense counsel.  Later, at sentencing, the trial court denied Kast's oral motion to withdraw, and even if the motion had been properly filed and in writing, Kast would have been subject to the onerous abuse of

---

[1]  In his brief, Kast asserts that he "has maintained his innocence throughout the proceedings and only agreed to plead guilty because his crucial witness had been hounded into hiding by the State's [source]." Appellant's Br. at 11.  However, he cites as support the *sentencing* transcript, not the guilty plea hearing transcript.  The latter contains no such claim of innocence.

[2]  We note that the transcript on appeal does not include a transcript of the guilty plea hearing.  The only copy of the guilty plea hearing transcript is found in the appellant's appendix.  While this transcript should have been included as part of the transcript and not the appendix, we review it and cite to it as found in the appendix.  *See* Ind. Appellate Rule 50(F) ("Because the transcript is transmitted to the Court on Appeal pursuant to Rule 12(B), parties should not reproduce any portion of the Transcript in the Appendix.").

[3]  We note that the transcript before us is separately paginated in different volumes in violation of Indiana Appellate Rule 28(A)(2), which states in part, "The pages of the Transcript shall be numbered consecutively regardless of the number of volumes the Transcript requires."

discretion standard of review on appeal of that issue. Ind. Code § 35-35-1-4(b). *See also*

*Jeffries v. State*, 966 N.E.2d 773, 777 (Ind. Ct. App. 2012) (emphasizing presumption in

favor of trial court's ruling on motion to withdraw guilty plea and stating that abuse of

discretion standard on appeal requires examination of defendant's statements at guilty plea

hearing to determine whether plea was offered "freely and knowingly."), *trans. denied*.

Based on Kast's unequivocal admission during the guilty plea hearing that he illegally

possessed each of the drugs, there is not a reasonable probability that the outcome of the

proceedings would have been different. Consequently, we conclude that although defense

counsel performed deficiently in failing to properly file a written motion to withdraw Kast's

guilty plea, Kast has failed to establish that he was prejudiced as a result.

## II. *Consecutive Sentences*

Kast also claims that his trial counsel provided ineffective assistance by failing to

object to the imposition of consecutive sentences that exceeded the time allowed by statute

and by failing to advise him that the sentence contained in the plea agreement was illegal.

Consecutive sentences cannot be imposed absent express statutory authority. *Mask v. State*,

829 N.E.2d 932, 935 (Ind. 2005). Indiana Code Section 35-50-1-2 provides such authority in

certain circumstances.

> (c) Except as provided in subsection (d) or (e), the court shall determine whether terms of imprisonment shall be served concurrently or consecutively. …. The court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time. However, except for crimes of violence, the total of the consecutive terms of imprisonment, exclusive of terms of imprisonment under IC 35-50-2-8 and IC 35-50-2-10, to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony

8

which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

In *Mask*, our supreme court held that under Indiana Code Section 35-50-1-2(c), "terms of imprisonment" should be read to include any period of incarceration to which a defendant is sentenced, even if all or a portion of that period of time is suspended. 829 N.E.2d at 936. Thus, when calculating the maximum aggregate sentence, any period of a suspended sentence must be included. Here, the State concedes this point, admitting that Kast's four-and-a-half-year aggregate sentence for his three class D felony convictions (which are not crimes of violence) illegally exceeds the four-year advisory sentence for the next higher class of felony.[4] Appellee's Br. at 8-9.

Notwithstanding, the State argues that defense counsel's failure to object to the illegal sentence does not amount to ineffective assistance. We agree. Counsel need not object in order to preserve a sentencing error for review on direct appeal. *Reed v. State*, 856 N.E.2d 1189, 1194 (Ind. 2006). In *Reed*, our supreme court held that trial counsel did not render ineffective assistance in failing to object to the trial court's imposition of consecutive sentences pursuant to Indiana Code Section 35-50-1-2(c). Likewise, here, trial counsel's failure to object to Kast's consecutive sentence did not foreclose our direct review of his sentence, and counsel cannot be said to have been ineffective on that basis.

Kast also appears to argue that trial counsel was ineffective in failing to advise him that the sentence contained in his plea agreement was illegal. Counsel's incorrect advice

---

[4] The advisory sentence for a class C felony is four years. Ind. Code § 35-50-2-6.

regarding penal consequences generally falls into two basic categories: (1) claims of promised leniency and (2) claims of incorrect advice as to the law. *Segura v. State*, 749 N.E.2d 496, 504 (Ind. 2001). To state a claim of prejudice from counsel's omission or misdescription of penal consequences attaching to both a plea and a conviction at trial, a petitioner must establish, by objective facts, circumstances that support the conclusion that the omitted or erroneous advice was material to his decision to plead guilty. *Id*. at 507.

In *Lee v. State*, 816 N.E.2d 35 (Ind. 2004), our supreme court held that "[a] defendant may not enter a plea agreement calling for an illegal sentence, benefit from that sentence, and then later complain that it was an illegal sentence." *Id*. at 40 (quoting *Collins v. State*, 509 N.E.2d 827, 833 (Ind. 1987)). The *Lee* court emphasized that defendants who plead guilty to achieve favorable outcomes forfeit a plethora of substantive claims and procedural rights, and that striking a favorable bargain that includes an otherwise illegal consecutive sentence falls in this category. *Id*.

> Whether a defendant has benefitted from a plea agreement with an illegal sentencing provision generally is measured by whether the plea reduced the defendant's penal exposure. ... Additionally, our supreme court has not permitted attempts to avoid the *Lee* rule merely by stating that the plea was the result of ineffective assistance of counsel. *See Stites v. State*, 829 N.E.2d 527, 529 (Ind. 2005) (holding that ineffective assistance claim was "merely a subset of Stites'[s] claim that her plea agreement was void because it called for consecutive sentences"). Another way of saying this might be that *a defendant who, on advice of counsel, enters a plea agreement calling for an illegal sentence is not prejudiced if he or she nonetheless benefited from that sentence*.

*Hacker v. State*, 906 N.E.2d 924, 927 (Ind. Ct. App. 2009) (emphasis added), *trans. denied*.

*See also State v. Parham*, 913 N.E.2d 770, 772-73 (Ind. Ct. App. 2009) (holding that where

defendant struck favorable bargain with State, decreasing his sentence exposure by twenty-three years, he forfeited the right to challenge the imposition of unauthorized consecutive habitual offender enhancements), *trans. denied*.

Here, the State charged Kast with two class B felonies, one class C felony, and three class D felonies. In exchange for his guilty plea, the State agreed to dismiss his two class B felony counts and his class C felony count, thereby reducing his penal exposure by more than twenty-five years. In short, Kast was benefited, not prejudiced, by entering into his plea agreement. Thus, we conclude that his trial counsel's failure to advise him that his aggregate sentence exceeded statutory limits did not amount to ineffective assistance of counsel. Accordingly, we affirm.

Affirmed.

KIRSCH, J., and MATHIAS, J., concur.