FILED
Jun 29 2023, 8:42 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



APPELLANT PRO SE

Steven E. Ingalls, Jr.
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General

Caroline G. Templeton
Supervising Deputy
Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Steven E. Ingalls, Jr.,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

June 29, 2023

Court of Appeals Case No.
22A-PC-2431

Appeal from the Morgan Superior
Court

The Honorable Sara A. Dungan,
Judge

Trial Court Cause No.
55D03-2005-PC-672

**Opinion by Judge Weissmann**
Judges Bailey and Brown concur.

**Weissmann, Judge.**

[1] Steven E. Ingalls, Jr. asked for a jury trial at the initial hearing in his misdemeanor criminal mischief case. But due to his trial attorneys' subsequent failure to submit a timely written request for one, the trial court tried Ingalls without a jury. Though Ingalls tried to appeal, his case was dismissed because his appellate attorney missed the filing deadline. Ingalls now claims ineffective assistance of both trial and appellate counsel. Considering that Ingalls's counsels' deficient performance led to the violation of his right to a jury trial, we reverse the trial court's denial of his petition for post-conviction relief.

## Facts

[2] In June 2018, the State charged Ingalls with Class B misdemeanor criminal mischief for allegedly carving initials on the door of a courtroom holding cell and for writing on the cell wall in ink. At Ingalls's initial hearing, the trial court appointed counsel for Ingalls and set his case for a bench trial. When Ingalls requested "a fast and speedy trial by [j]ury," the court told Ingalls that his newly appointed counsel would have to file a motion for one.

[3] Ingalls's first attorney quickly withdrew his appearance due to a conflict, and the trial court immediately appointed successor counsel. Ingalls's new attorney entered his appearance and, a few weeks later, wrote to Ingalls using an Indianapolis address. Ingalls was housed elsewhere at the Indiana Department of Correction, and the letter was returned undelivered. Counsel therefore wrote Ingalls again. In his letter, counsel advised Ingalls that he would be found guilty

at trial. But apparently upon learning of Ingalls's desire to be tried by a jury, counsel requested one by filing a motion for jury trial. This request, however, came about a month after the deadline for filing a motion for jury trial, and the trial court denied Ingalls's request as untimely.

[4] At Ingalls's bench trial, Ingalls reiterated his request to be tried by a jury. In support, Ingalls offered his affidavit stating he had written to his first attorney right after the initial hearing and directed his attorney to move for a jury trial. The trial court again denied Ingalls's motion for jury trial and proceeded with a bench trial. Ingalls was convicted, and the trial court imposed a suspended sentence of 60 days. The court then appointed counsel to represent Ingalls in appealing his conviction.

[5] In his appeal, Ingalls argued that the trial court committed fundamental error by denying Ingalls's request for a jury trial after the court failed to advise him of the consequences of not timely requesting one. Ingalls also alleged that he received ineffective assistance of trial counsel due to their failure to timely move for a jury trial. Ingalls's appellate counsel, however, filed the notice of appeal one day late, and this Court dismissed the case without reaching the merits. *Ingalls v. State*, No. 19A-CR-950, 2020 WL 1684094, *1 (Ind. Ct. App. April 7, 2020) (mem.).

[6] Ingalls, proceeding pro se, petitioned for post-conviction relief, alleging that he lost his constitutional right to a jury trial through the ineffective assistance of

both trial and appellate counsel. The post-conviction court denied Ingalls relief, finding he did not prove any of his attorneys were ineffective.

## Discussion and Decision

On appeal, Ingalls argues that the post-conviction court erroneously rejected his ineffective assistance of counsel claims related to his second trial attorney and his appellate counsel. To gain reversal, Ingalls must establish clear error—that is, that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the trial court. *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind. 1993). We accept the post-conviction court's findings of fact unless clearly erroneous but do not defer to its legal conclusions. *Coleman v. State*, 741 N.E.2d 697, 700 (Ind. 2000).

Our analysis of Ingalls's ineffective assistance of counsel claims is guided by a two-part test. First, Ingalls must establish that counsel's performance was deficient. *Kubsch v. State*, 934 N.E.2d 1138, 1147 (Ind. 2010). "This requires a showing that counsel's representation fell below an objective standard of reasonableness and that 'counsel made errors so serious that 'counsel' was not functioning as counsel guaranteed to the defendant by the Sixth Amendment.'" *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

Second, Ingalls must prove that counsel's deficient performance prejudiced the defense. *Id.* This second requirement requires proof that counsel's errors were so serious as to deprive him of a fair trial. *Id.* Counsel's performance is

presumed effective, and Ingalls must offer strong and convincing evidence to overcome this presumption. *Id.*

## I. Right to Jury Trial in Misdemeanor Case

The Sixth Amendment to the United States Constitution and Article 1, Section 13 of the Indiana Constitution guarantee all criminal defendants the right to a jury trial. This right is automatic for anyone charged with a felony. *Carmouche v. State*, 188 N.E.3d 482, 485 (Ind. Ct. App. 2022). By contrast, the jury trial right of a misdemeanor defendant is not self-executing. "[A] defendant charged with a misdemeanor must demand a jury trial and may waive that right by inaction." *Wiley v. State*, 150 N.E.3d 710, 714 (Ind. Ct. App. 2020).

Indiana Criminal Rule 22 controls requests for jury trials in misdemeanor prosecutions. It states:

> A defendant charged with a misdemeanor may demand trial by jury by filing a written demand therefor not later than ten (10) days before his first scheduled trial date. The failure of a defendant to demand a trial by jury as required by this rule shall constitute a waiver by him of trial by jury unless the defendant has not had at least fifteen (15) days advance notice of his scheduled trial date and of the consequences of his failure to demand a trial by jury.

> The trial court shall not grant a demand for a trial by jury filed after the time fixed has elapsed except upon the written agreement of the state and defendant, which agreement shall be filed with the court and made a part of the record. If such agreement is filed, then the trial court may, in its discretion, grant a trial by jury.

Ind. Crim. Rule 22.

[12] However, a lack of written request is not the only factor a trial court must consider in determining if a defendant has properly waived his constitutional right to trial by jury in a misdemeanor case. A trial court must ensure the defendant:

> (1) was advised of the right to a jury trial; (2) had at least fifteen days advance notice of the trial date; (3) was advised of the need to file a written demand for a jury trial at least ten days before the first scheduled trial date and that failure to do so will result in waiver of the right; and (4) understood the advisements.

*Dadouch v. State*, 126 N.E.3d 802, 804 (Ind. 2019).

[13] The trial court denied Ingalls's jury trial request only because it was tardy. But that does not end the inquiry. Absent here is the third element under *Dadouch*—an advisement about the deadline for filing a written demand for a jury trial and the consequences of failing to timely file.

[14] From the record, it appears the trial court never advised Ingalls about his jury trial right.[1] The court merely acknowledged at the initial hearing, in response to Ingalls's verbal request for a jury trial, that Ingalls had a right to a jury trial. The court told Ingalls that he would have to submit a written request for a jury trial

---

[1] Though Ingalls was advised of his rights through a video that he viewed before his initial hearing, the record does not specifically identify this video or its contents. Thus, the record does not reveal whether or how the video informed Ingalls about his right to a jury trial.

through newly appointed counsel, who was not present. No discussion of Criminal Rule 22, its deadlines, and the consequences of waiver occurred. And as Ingalls's claims of ineffective assistance of trial and appellate counsel reveal, Ingalls's trial attorneys were similarly silent until it was too late to meet Criminal Rule 22's requirements.

## II. Ineffective Assistance of Trial Counsel

[15] The gist of Ingalls's claim of ineffective assistance of trial counsel is that his second trial attorney's deficient performance, rather than Ingalls's own actions, resulted in an untimely request for a jury trial and, ultimately, a purported waiver of his jury trial right. We conclude the record supports his claim.

[16] The record reveals no communications to Ingalls from his counsel before the deadline for a jury trial request expired. "It is the duty of counsel, whether appointed or retained, to afford [their] client[s] full and adequate representation and consultation." *Conley v. State,* 284 N.E.2d 803, 808, 259 Ind. 29 (1972). This duty imposed on defense counsel in criminal prosecutions includes the affirmative obligation of informing the defendant of his constitutional rights. *Id.*; *Kindle v. State*, 313 N.E.2d 721, 727, 161 Ind. App. 14 (2014); *see also* Ind. Professional Conduct Rules 1.4(a)-(b) (requiring counsel to "reasonably consult with the client about the means by which the client's objectives are to be accomplished," "keep the client reasonably informed about the status of the matter," and "explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation").

[17] Only upon this full consultation and explanation "can a defendant intelligently and voluntarily make those decisions that are his, and his alone to make," including "waivers of constitutionally protected rights such as the right to trial by jury." *Lyles v. State*, 382 N.E.2d 991, 993, 178 Ind. App. 398 (1978). This "constitutional right to participate in the making of decisions which are fundamental to [the accused's] defense" includes the decision to waive trial by jury. *Dew v. State*, 843 N.E.2d 556, 565 (Ind. Ct. App. 2006) (quoting *Johnson v. Duckworth*, 793 F.2d 898, 900 (7th Cir. 1986)).

[18] We agree with Ingalls that he was deprived of that right of participation. Any forfeiture of his right to a jury trial was unknowing and the product of deficient performance by his trial counsel. *See Eldridge v. State*, 627 N.E.2d 844, 846 (Ind. Ct. App. 1994) ("[A] knowing waiver is the product of an informed will[.]"). Ingalls knew he had a right to a jury trial because he affirmatively sought it at his initial hearing. But we have no evidence before us that Ingalls knew he could be deprived of that right under Criminal Rule 22 if a written request for a jury trial was not filed at least 10 days before his first scheduled trial date.

[19] After Ingalls declared his desire for a jury trial during the initial hearing, the trial court essentially told Ingalls that he could not implement that right himself. Instead, the court instructed Ingalls to rely on his appointed counsel to file a written request for a jury trial. The record suggests that Ingalls's trial counsel failed to file such a request because they did not know Ingalls wanted a jury trial. But inaction by both of his trial attorneys prompted that ignorance. The record contains no evidence that Ingalls's first attorney contacted Ingalls about

his withdrawal or successor counsel's appointment. And Ingalls's second attorney waited more than three weeks after his appointment and two weeks after his appearance to contact Ingalls for the first time. By then, the time for filing the jury request had passed.[2]

[20] Once Ingalls's second trial attorney contacted him, the motion for jury trial—by then, tardy—was quickly filed. As these circumstances were outside Ingalls's control, he had no earlier opportunity to implement his expressed desire for a jury trial. The failure of his trial attorneys to consult Ingalls about his right to a jury trial before the Criminal Rule 22 deadline resulted in Ingalls's deprivation of trial by jury. "Lawyers in criminal cases are the 'means through which the other rights of the person on trial are secured.'" *Stevens v. State*, 689 N.E.2d 487, 490 (Ind. Ct. App. 1997) (quoting *United States v. Chronic*, 466 U.S. 648, 653 (1984)). "Counsel's function as an assistant to the defendant" generates "the overarching duty to advocate the defendant's cause and the more particular duties to consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution." *Strickland*, 466 U.S. at 688.

---

[2] Also lacking from the record is any evidence that Ingalls received a copy of the trial court's order granting his first attorney's motion to withdraw and appointing new counsel. Ingalls's name is absent from the list of people to be served with the court's order. *Ingalls v. State*, No. 19A-CR-950, App. Vol. II, p. 20. Thus, Ingalls seemingly did not know to contact his new attorney to reiterate his desire for a trial by jury before the deadline.

The failure of trial counsel to discuss Ingalls's constitutional right to a jury trial or to act to preserve that right before the Criminal Rule 22 deadline constituted deficient performance.[3] In sum, Ingalls met his burden of showing that his trial counsel's "representation fell below an objective standard of reasonableness" and that his trial counsel, by failing to contact and advise him before the written jury request needed to be filed under Criminal Rule 22, made errors so serious that counsel was not functioning as counsel guaranteed to him by the Sixth Amendment. *Kubsch*, 934 N.E.2d at 1147; *see Lewis v. State*, 929 N.E.2d 261, 264-65 (Ind. Ct. App. 1997) (finding trial counsel's failure to file a misdemeanor jury trial request constituted deficient performance when the docket reflected that Lewis, without counsel, verbally requested a jury trial at his initial hearing but his counsel never learned of that request before the Criminal Rule 22 deadline due to counsels' inaction).

Having met the first prong of ineffective assistance of counsel by establishing that trial counsel's deficient performance resulted in the loss of Ingalls's jury trial right, Ingalls need not prove the second prong: prejudice. "When counsel's performance falls below the range of professionally competent representation and deprives a defendant of a fundamental right such as the right to a trial by jury, prejudice is presumed." *Lewis*, 929 N.E.2d at 265 (presuming prejudice

---

[3] Admittedly, the Criminal Rule 22 clock ticked quickly as trial counsel struggled to locate Ingalls and determine his wishes. But given that the right at stake was of constitutional dimension, a more prudent course of action would have been to immediately file the jury trial request, which could be later withdrawn after consultation with the defendant.

from counsels' deficient performance that led to waiver of jury trial right in misdemeanor prosecution).

## II. Ineffective Assistance of Appellate Counsel

[23] Because all parties agree appellate counsel's performance was deficient, Ingalls concentrates on the prejudice prong in claiming ineffective assistance of appellate counsel. Ingalls argues he was prejudiced by his appellate counsel's deficient performance because counsel forfeited Ingalls's meritorious appeal. We agree.

[24] Though appellate counsel raised the issue of Ingalls's invalid waiver of his right to a jury trial, the attorney's failure to file Ingalls's appeal in a timely manner resulted in dismissal. The "most serious" errors that may be committed by appellate counsel occur when counsel deprives the defendant of his right to review. *Bieghler v. State*, 690 N.E.2d 188, 193 (Ind. 1997). This error was particularly prejudicial here, where the appeal would have revealed that Ingalls had not properly waived his fundamental right to a jury trial. Ingalls has established that appellate counsel rendered ineffective assistance.

[25] Given that Ingalls has established that his trial and appellate attorneys rendered ineffective assistance of counsel that prejudiced him by depriving him of his constitutional right to a jury trial, the post-conviction court erred in denying Ingalls's petition for post-conviction relief.

[26] We reverse the lower court's judgment and remand with instructions to vacate Ingalls's conviction for criminal mischief in the underlying cause.

Bailey, J., and Brown, J., concur.