## FOR PUBLICATION



FILED

Jun 26 2013, 8:39 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**STEVEN E. RIPSTRA**
Ripstra Law Office
Jasper, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STERLEN SHANE KELLER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 59A01-1206-CR-271 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ORANGE CIRCUIT COURT
The Honorable Larry R. Blanton, Judge
Cause No. 59C01-1010-MR-108

**June 26, 2013**

**OPINION ON REHEARING - FOR PUBLICATION**

**BARNES, Judge**

The State petitions for rehearing following our opinion in <u>Keller v. State</u>, No. 59A01-1206-CR-271 (Ind. Ct. App. Apr. 4, 2013).[1]  Although we grant the State's petition, we affirm our opinion in all regards.

Keller admitted to police that he had taken mail from Collier's mailbox on two occasions, and the State charged Keller with the theft of a Social Security check and the theft of Edward Jones checks.  In our original opinion, we concluded that the conviction for the theft of the Social Security check must be vacated based on the application of the single larceny rule, which provides, "when several articles of property are taken at the same time, from the same place, belonging to the same person or to several persons there is but a single 'larceny', i.e. a single offense." <u>Raines v. State</u>, 514 N.E.2d 298, 300 (Ind. 1987).  We explained:

> Simply put, nothing in the record clearly shows that Keller did in fact take the Social Security check and the Edward Jones checks on two different occasions as opposed to during a single transaction.  Without more the State has not established that Keller had a distinct intent to take the Social Security check and the Edward Jones checks.  Accordingly, the separate convictions for Counts 4 and 5 cannot stand.

<u>Keller</u>, slip op. at 21-22.

In its petition for rehearing, the State does not challenge our conclusion that the evidence does not clearly establish that Keller took the Social Security check and the Edward Jones checks from the mailbox on separate occasions.  Instead, the State argues, "[r]egardless of whether the social security check might have been taken from the

---

[1]  Keller filed a petition for transfer on May 14, 2013.  Pursuant to Indiana Appellate Rule 55, we issue this opinion.

mailbox at the same time of the Edward Jones checks, the Defendant made an independent decision to exert control over three Edward Jones checks by cashing them." Rehearing Pet. p. 3. According to the State, Keller's cashing of the three Edward Jones checks was an act of unauthorized control separate from his taking of the Social Security checks from the mailbox.

Contrary to the State's assertion, we cannot disregard Keller's act of taking the checks from the mailbox because that is the point at which Keller began knowingly or intentionally exerting unauthorized control over them with the intent to deprive Collier of their value or use. See Ind. Code § 35-43-4-2(a) (defining theft). Regardless of what Keller did with the checks after he took them—whether he put them in his garage or cashed them—he committed the offense when he took the checks from Collier's mailbox and from that point on he committed a single continuing act of theft. See Study v. State, 602 N.E.2d 1062, 1068 (Ind. Ct. App. 1992) (explaining that "only one crime occurs when a thief exercises unauthorized control over the property of the owner with the intent to deprive the owner of the use and benefit of the property on day 1, and continues to deprive the owner of property of its use and benefit for many days thereafter"); Allread v. State, 582 N.E.2d 899, 901 (Ind. Ct. App. 1991) ("[O]ne who has already deprived the rightful owner of property may not be held to have subsequently stolen the same property from the same owner unless it had been restored to the rightful owner during the interim.").

The State relies on Study in which we affirmed two theft convictions where the defendant exerted unauthorized control over two checks by depositing one and cashing

3

the other.  Study, 602 N.E.2d at 1068.  Study, however, is factually distinguishable because the victims gave Study checks to invest and, therefore, Study did not exert unauthorized control over the checks with an intent to deprive the owners of their value until he deposited one and cashed the other.  Id.  Here, there is no contention that Collier gave Keller the Edward Jones checks so as to make the cashing of them the operative exertion of unauthorized control over them.

Further, we are not persuaded by the State's argument that our holding disserves the purpose of the single larceny rule—to punish a single criminal design only once.  See Taylor v. State, 879 N.E.2d 1198, 1204 (Ind. Ct. App. 2008).  Keller was punished for taking the mail, a single criminal design, when he was convicted of and sentenced for theft.  To the extent that Keller's subsequent decision to cash some of the checks he had taken evidenced an additional criminal design, the State could have charged him with the theft of those funds (as opposed to theft of the checks), forgery, or any other applicable offense.  See Taylor, 879 N.E.2d at 1204 (upholding auto theft and theft convictions where, upon deciding to abandon the car he stole, Taylor made an independent decision to steal a purse that was in the car).  The State's decision not to charge Keller for the act of cashing the checks further underscores the importance of the charging documents and its contents.  See Keller, slip op. at 31.

In this regard, the State's reliance on Wiseman v. State, 521 N.E.2d 942, 946 (Ind. 1988), is misplaced.  In that case, Wiseman was charged with seven counts of theft of cash belonging to a bank when, after depositing stolen checks into an account in his name, he cashed seven personal checks drawn from that account.  Our supreme court

4

affirmed the separate theft convictions because they were clearly separate crimes involving separate checks and occurring at different times, on various days, and at multiple bank branches.[2] Wiseman, 521 N.E.2d at 946. Here, however, the State charged Keller with theft of the Edward Jones checks, not theft of the funds from the Edward Jones account.

Similarly distinguishable is Benberry v. State, 742 N.E.2d 532, 538 (Ind. Ct. App. 2001), which the State relies on for the proposition that convictions for theft and forgery were not the same offense under the actual evidence test. Unlike in Benberry, the application of the Double Jeopardy Clause of the Indiana Constitution is not at issue here. Moreover, Keller was not charged with the separate offenses of forgery and theft; he only was charged with theft of the checks.[3]

Finally, we are not persuaded by the State's argument that affirming the separate convictions for the theft of the Social Security check and the Edward Jones checks would be consistent with our reasoning in affirming Keller's conviction for the theft of the personal checks that were in the glove compartment of the truck Keller stole. We explained that had Keller simply taken the truck with the checks in the glove compartment, the single larceny rule would have prohibited the separate conviction for

---

[2] Notably, the Wiseman court reduced seven forgery convictions to a single count of forgery because "[t]he seven stolen checks were all presented to the bank at the same time, on the same date, to the same person, and were all listed on one deposit slip." Wiseman, 521 N.E.2d at 946.

[3] The State does not acknowledge that the Benberry court did apply the single larceny rule to reduce Benberry's multiple theft convictions. Specifically, Benberry was charged with three counts of theft for purchasing four stolen credit cards belonging to three different people. Benberry challenged the multiple theft convictions under the single larceny rule, and we held that, because the uncontroverted evidence showed that Benberry purchased the credit cards at the same time and from the same place and that she did not look at the cards prior to deciding to purchase them, the theft of the four credit cards could constitute only one offense. Benberry, 742 N.E.2d at 536.

the theft of the personal checks and auto theft. <u>Keller</u>, slip op. at 22. We reasoned that when Keller put the checks in his garage, used one to pay a bill, and deposited two other checks he made an independent decision to exert control over the checks so that merging the theft and auto theft convictions did not serve the purpose of the rule. <u>Id.</u> Had Keller stolen the mailbox with the various checks in it and later cashed the checks, this reasoning would apply. This is not what happened. Keller exerted unauthorized control over the various checks when he took them from the mailbox, and his cashing of the Edward Jones checks was merely a continuation of his exertion of unauthorized control.

Because the evidence does not clearly establish that the Social Security check and the Edward Jones checks were taken from the mailbox on separate occasions, separate convictions are not warranted. We affirm our original opinion in all regards.

BAKER, J., concurs.

RILEY, J., would deny petition for rehearing.

6